UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
WILLIAN BARBOZA,

           Plaintiff,

-versus-

DETECTIVE STEVEN D'AGATA, sued in his
individual capacity and POLICE OFFICER
MELVIN GORR sued in his individual capacity,

           Defendants.
-----------------------------------------------------------X

**COMPLAINT**

**13 CV 4067**

*JUDGE SEIBEL*

## INTRODUCTION

1.     This civil rights action seeks to vindicate the right of individuals to criticize their government free of the threat of arrest and prosecution. In August 2012, plaintiff Willian Barboza paid by mail a traffic ticket that he received while driving through the Village of Liberty in Sullivan County, New York. Plaintiff expressed his frustration by crossing out "Liberty" from the payment form and replacing it with "TYRANNY," and writing "FUCK YOUR SHITTY TOWN BITCHES." For writing the latter set of words, plaintiff was ordered to appear in court, arrested and handcuffed, and prosecuted under New York's Aggravated Harassment statute, Penal Law § 240.30(1)(a). In dismissing the charge seven months later, the Town court hearing the case observed that "no citation is necessary for this Court to determine that the language under the circumstances here, offensive as it is, is protected" under the First Amendment.

2.     Plaintiff brings this action under the First and Fourth Amendments to the United States Constitution, seeking a finding that he was falsely arrested and maliciously prosecuted for engaging in protected speech. He also seeks damages for pain and suffering and humiliation.

In addition, plaintiff seeks a judicial declaration in the course of a liability finding that Penal Law § 240.30(1)(a) is unconstitutional on its face insofar as it reaches "annoying" or "alarming" speech. This case illustrates how the continued existence of Penal Law § 240.30(1)(a) in New York presents the unacceptable risk of prosecution for the mere exercise of constitutionally protected free speech.

**PARTIES**

3. Plaintiff Willian Barboza is a 22 year-old man who resides in Fairfield County, Connecticut.

4. Defendant Steven D'Agata is a detective employed by the Village of Liberty in Sullivan County, New York. As a state actor, he may be sued under 42 U.S.C. § 1983.

5. Defendant Melvin Gorr is a police officer employed by the Village of Liberty in Sullivan County, New York. As a state actor, he may be sued under 42 U.S.C. § 1983.

**JURISDICTION & VENUE**

6. As plaintiff brings this action to enforce the First and Fourth Amendments to the United States Constitution, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (3) & (4). This Court also has subject matter jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988.

7. As the events giving rise to this case arose in Sullivan County, New York, this case is properly venued in the Southern District of New York.

**FACTS**

8. On May 4, 2012, plaintiff was driving his vehicle on State Route 17 through the Town of Liberty. He was pulled over for speeding.

2

9. In early June 2012, plaintiff pled guilty by mail to the speeding ticket.

10. In August 2012, the Town of Liberty Court sent plaintiff a letter that accepted his guilty plea and provided information for payment of the fine. The letter also contained a payment form for plaintiff to complete in connection with his guilty plea.

11. On or about August 20, 2012, plaintiff filled out the payment form that accompanied the Town Court's letter. Expressing frustration at the Village of Liberty, in sending in the paperwork in connection with his guilty plea, plaintiff wrote on the form, "FUCK YOUR SHITTY TOWN BITCHES." He also crossed out the Town's name, "Liberty" from the form, and wrote "TYRANNY" instead. Plaintiff then mailed in the form.

12. Plaintiff's written comments on the form that he sent to the Clerk of Court of the Town of Liberty constituted protected expression under the First Amendment to the United States Constitution.

13. On September 26, 2012, Town of Liberty Justice Brian P. Rourke advised plaintiff in writing that his payment by mail was rejected and that he was ordered to appear in Town Court on October 18, 2012.

14. As directed, plaintiff appeared in the Town of Liberty Court in the early afternoon on October 18, 2012, driving approximately two hours from his home in Connecticut in order to make the appearance. In open court, Justice Rourke held up plaintiff's payment letter and lectured him about plaintiff's language. At this time, defendants Steven D'Agata and Melvin Gorr arrested plaintiff for aggravated harassment and placed him in handcuffs inside the courtroom, in full view of the approximately 30 to 40 individuals who had to appear in court that day.

15. Defendants D'Agata and Gorr next escorted plaintiff from the courtroom and brought him to the Village of Liberty police station, where he was booked and fingerprinted and handcuffed to a bench.

16. After processing the plaintiff, defendant Gorr took plaintiff back to Town of Liberty Court where Justice Rourke told plaintiff that he was recusing himself from the case since he was party to it. Defendant Gorr then drove a handcuffed plaintiff to the Town of Fallsburg Court for arraignment. While driving plaintiff to the Town of Fallsburg Court, defendant Gorr told plaintiff that he did not engage in free speech because his written comment on the payment form had offended employees in the clerk's office.

17. At arraignment in the Town of Fallsburg Court where plaintiff was unrepresented the Town Justice imposed $200 bail.

18. Defendant Gorr next transported plaintiff to the Sullivan County Jail, where he paid bail and was finally released at around 7:00 p.m. Plaintiff then took a taxi to the Town of Liberty where he was able to retrieve his car and drive home to Connecticut.

19. Defendant D'Agata signed the accusatory instrument that initiated plaintiff's arrest and prosecution. This defendant charged plaintiff with violating Penal Law § 240.30(1)(a), a misdemeanor. That provision reads, "A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: . . . communicates with a person, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm."

20. In the accusatory instrument charging plaintiff, defendant D'Agata wrote that "The

4

aforementioned defendant did commit the offense of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he communicated with a person by mail in a manner likely to cause annoyance and alarm. To Wit: The aforementioned defendant, Willia[n] M. Barboza, on the above date and location did knowingly and intentionally communicate with Town of Liberty Court employees by mail by sending a traffic ticket payment correspondence with the words 'FUCK YOUR SHITTY TOWN BITCHES' written across the top."

21. Under clearly established law, plaintiff's speech could not be prosecuted under the offense of aggravated harassment in the second degree. The New York Court of Appeals has held that Penal Law § 240.30(1)(a) cannot, consistent with the First Amendment, be applied to speech that is "crude and offensive" but that does not "fall within any of the proscribable classes of speech or conduct."

22. State and federal courts in New York have also commented on the facial unconstitutionality of Penal Law § 240.30(1)(a). In 1997, one judge of this Court found the provision to be "utterly repugnant to the First Amendment of the United States Constitution and also unconstitutional for vagueness." In 2003, another judge of the Court warned that "state and local police officers and prosecutors would be well-advised . . . to cease arrests and prosecutions under this section."

23. As plaintiff was merely expressing his frustration toward the Village of Liberty and engaging in protected speech under the First Amendment, his speech could not be punished under § 240.30(1)(a). Plaintiff's arrest and prosecution therefore lacked probable cause and was initiated in bad faith.

24. Confirming that defendants lacked any basis to arrest and detain plaintiff, by decision dated March 22, 2013, Town of Fallsburg Justice Ivan Kalter dismissed the charge against plaintiff in its entirety, stating in part: "Without doubt the Defendant's comment was crude, vulgar, inappropriate, and clearly intended to 'annoy.'  Nevertheless, it is not a threat, it does not contain 'fighting words', or create an 'imminent danger.'  While it might seem to fall within the four corners of the aforesaid statute, it is nevertheless subservient to the First Amendment of the United States Constitution which provides for and allows a broad range of 'free speech' in the nature of opinion and public comment. . . . [N]o citation is necessary for this Court to determine that the language under the circumstances here, offensive as it is, is protected."

25. Justice Kalter's ruling dismissed the charge against plaintiff on the merits and in its entirety.

26. As a consequence of plaintiff's unconstitutional arrest, defendants restricted his liberty.  Upon his arrest, plaintiff was transported to the police station in handcuffs and then taken to the county jail.  That day, plaintiff was detained by the police for approximately four to five hours, a substantial portion of which was post-arraignment.

27. Plaintiff's arrest also resulted in restrictions on his movement.  When plaintiff paid bail on October 18, 2012, he signed a form that stated, "I undertake that the above named Defendant will appear in such action or proceeding whenever required and will at all times render himself amenable to all orders and process of the Court.  Additionally, I acknowledge and understand that the cash bail posted herein will be forfeited if the Defendant does not comply with any requirement or order of process to appear in court."

28. Between October 2012 and January 2013, plaintiff was required on several occasions to appear in municipal court for routine court appearances, each time spending approximately two hours each way on the road from his home in Connecticut. On October 18, 2012, the arraigning justice at the Town of Fallsburg ordered plaintiff to appear in the Town of Liberty Court on October 19. When plaintiff arrived at the Town of Liberty Court on October 19, he discovered that court was not in session and that he had been erroneously directed to appear in court that day.

29. Plaintiff also appeared in Town of Fallsburg Court for a routine court appearance on January 20, 2013.

30. Plaintiff's false arrest and malicious prosecution caused him to suffer humiliation and pain and suffering.

**CAUSES OF ACTION**

31. Plaintiff incorporates the allegations in ¶¶ 1-30 as if fully restated herein.

32. In arresting plaintiff without probable cause, defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

33. In subjecting plaintiff to malicious prosecution, defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

34. In enforcing Penal Law § 240.30(1)(a), which is unconstitutional on its face insofar as it reaches "annoying" or "alarming" speech and as applied to plaintiff's constitutionally protected speech, defendants violated the First and Fourteenth Amendments to the United States Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a. accept jurisdiction over this case;

b. certify to the attorney general of the State of New York under 28 U.S.C. § 2403(b) that the case presents the constitutionality of section 240.30(1)(a) of the New York State Penal Law;

c. declare that defendants violated plaintiff's constitutional rights by enforcing Penal Law § 240.30(1)(a), which is unconstitutional on its face insofar as it reaches "annoying" or "alarming" speech and as applied to plaintiff's constitutionally protected speech;

d. award to plaintiff compensatory damages resulting from defendants' unlawful behavior;

e. award to plaintiff attorneys' fees and costs expended in prosecuting this action;

f. enter judgment in plaintiff's favor; and

g. enter such relief that this Court deems just and proper.

Dated:     June 12, 2013

Respectfully submitted,

*[signature]*

STEPHEN BERGSTEIN

BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
Tel: (845) 469-1277
Fax: (845) 469-5904

*Of counsel:*

MARIKO HIROSE
DANIEL MULLKOFF
COREY STOUGHTON
CHRISTOPHER DUNN

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
Fax: (212) 607-3318