UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAN BARBOZA,

                      Plaintiff,

     -against-

DETECTIVE D'AGATA, sued in his individual capacity
and POLICE OFFICER MELVIN GORR sued in his
individual capacity,

                      Defendants.
------------------------------------------------------------------X

HON. CATHY SEIBEL

**ANSWER**

Case No.: 13 CIV 4067

      Defendants, DETECTIVE D'AGATA, and POLICE OFFICER MELVIN GORR, by their attorneys, DRAKE, LOEB, HELLER, KENNEDY, GOGERTY, GABA & RODD, PLLC, answering the complaint of the plaintiff, allege as follows:

      FIRST: Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Complaint numbered "1", "2", "3", "6", "8", "9", "10", "11", "13", "17", "22", "24", "25", "27", "28" and "29".

      SECOND: Deny each and every allegation contained in the paragraphs of the Complaint numbered "12", "23", "26" and "30".

      THIRD: Admit that the defendants Steven D'Agata and Melvin Gorr arrested the plaintiff for aggravated harassment and placed him in handcuffs inside the courtroom, and deny any knowledge or information to form a belief as to the remaining allegations contained in the paragraph of the Complaint numbered "14".

      FOURTH: Admit to the allegations as contained in the paragraph of the Complaint numbered "16", except specifically deny that while driving plaintiff to the

Town of Fallsburg Court, defendant Gorr told plaintiff that he did not engage in free speech because his written comment on the payment form had offended employees in the clerk's office.

FIFTH: Admit that the defendant Gorr transported plaintiff to the Sullivan County Jail, but deny any knowledge or information to form a belief as to the remaining allegations contained in the paragraph of the Complaint numbered "18".

SIXTH: Deny that under clearly established law, plaintiff's speech could not be prosecuted under the offense of aggravated harassment in the second degree, and deny knowledge or information to either admit or deny the truth or falsity of the remaining allegations in paragraph "21" of the Complaint, and refer all questions of law to the Court.

## CAUSES OF ACTION

SEVENTH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the complaint numbered "1" through "30", inclusive, as realleged in paragraph "31", with the same force and effect as though more fully set forth at length herein.

EIGHTH: Deny each and every allegation contained in the paragraphs of the Complaint numbered "32", "33" and "34".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

NINTH: The damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

TENTH: These answering defendants hereby invoke the provisions of CPLR

Article 16 and request that the jury herein be charged accordingly.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

ELEVENTH: The allegations set forth within the Complaint fail to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

TWELFTH: Plaintiff failed to mitigate his damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

THIRTEENTH: The plaintiff's claims against these answering defendants are barred by the doctrine of qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FOURTEENTH: The plaintiff's claims against these answering defendants are barred by the doctrine of absolute immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

FIFTEENTH: These answering defendants did not initiate the subject prosecution of the plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SIXTEENTH: The arrest and prosecution of the plaintiff were supported by probable cause.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The plaintiff's claims are barred by the inability to establish malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

EIGHTEENTH: The plaintiff's claims are not actionable because it was

objectively reasonable for these answering defendants to believe that the plaintiff violated the Penal Law provisions at issue.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

NINETEENTH: The plaintiff's speech was not chilled or curtailed as a result of the defendants' actions.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTIETH: These answering defendants did not continue the prosecution of the plaintiff.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: These answering defendants did not make the decision to either arrest or prosecute the plaintiff.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: These answering defendants may not be found liable for the decisions to arrest and prosecute made by others for whom these answering defendants are not liable.

WHEREFORE, defendants, DETECTIVE D'AGATA, and POLICE OFFICER MELVIN GORR demand judgment:

1. dismissing the complaint;

2. apportioning liability between plaintiff and these answering defendants; and

3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: New Windsor, New York
July 19, 2013

Yours, etc.,

DRAKE, LOEB, HELLER, KENNEDY,
GOGERTY, GABA & RODD, PLLC

By: _____
ADAM L. RODD (AR-3484)
*Attorneys for Defendants,*
*DETECTIVE D'AGATA, and POLICE*
*OFFICER MELVIN GORR*
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

TO: BERGSTEIN & ULLRICH, LLP
*Attorneys for Plaintiff*
15 Railroad Avenue
Chester, New York 10918
Tel. No.: 845-469-1277

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
*Attorneys for Plaintiff*
125 Broad Street
19th Floor
New York, NY 10004
Tel. No.: 212-607-3300