# BERGSTEIN & ULLRICH, LLP
~ ATTORNEYS AT LAW ~

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE (845) 469-1277
FACSIMILE (845) 469-5904
E-MAIL thefirm@tbulaw.com
www.BergsteinUllrichLaw.com
www.secondcircuitcivilrights.blogspot.com

Stephen Bergstein

*Of Counsel*
Helen G. Ullrich

February 6, 2014

Hon. Cathy Seibel
United States Courthouse
Southern District of New York
300 Quarropas St.
White Plains, NY 10601-4150

Re:   *Barboza v. D'Agata*, 13 CV 4067 (CS)
Proposed order granting leave to amend the complaint

Dear Judge Seibel:

Along with the New York Civil Liberties Union, this office represents the plaintiff in this First and Fourth Amendment action arising from plaintiff's arrest for Aggravated Harassment after he sent the Town of Liberty Court clerk's office a traffic ticket payment correspondence on which he had written offensive words.

We request that the Court enter the enclosed stipulation and proposed order granting leave to plaintiff to file an amended Complaint that adds two additional defendants: an assistant district attorney from Sullivan County and the Village of Liberty. We will also be withdrawing the malicious prosecution claims. This request comes within the February 6, 2014 deadline set by this Court. The current defendants have signed the stipulation consenting to the filing of the plaintiff's proposed amended Complaint.

**Factual and Procedural Background**

Plaintiff brings this action under the First and Fourth Amendments after he was falsely arrested and prosecuted under New York's Aggravated Harassment law, Penal Law § 240.30(1)(a), solely for writing "fuck your shitty town bitches" on a payment form to a traffic ticket that he received while driving through the Village of Liberty. The plaintiff initially sued Detective Steven D'Agata and Police Officer Melvin Gorr, the Village of Liberty Police Department ("Liberty PD") officers who arrested him.

Through discovery, plaintiff has learned that Robert Zangla, an Assistant Sullivan County District Attorney, ("ADA Zangla") was also intimately involved in plaintiff's arrest, by directing Detective D'Agata to arrest plaintiff and by advising Detective D'Agata on the preparation of the accusatory instrument, including its factual basis. Plaintiff also learned through responses to document requests and deposition testimony that, although Liberty PD officers have access to the text of the Aggravated Harassment law, a law that they have enforced in the past, they have received no training on the First Amendment limitations of the law. They have not received

1

training or any material on *People v. Mangano*, 100 N.Y.2d 569 (2003), which held that it was unconstitutional to apply Penal Law § 240.30(1)(a) to an individual who had left crude and offensive messages on a telephone answering machine of village employees after receiving parking tickets. Nor have they received training on other cases that have similarly interpreted the Aggravated Harassment law.

Plaintiff now seeks to add ADA Zangla and the Village of Liberty as defendants. The plaintiff will also drop the malicious prosecution claim against the defendants and proceed on Fourth Amendment false arrest and First Amendment grounds.

**The Court Should Grant Leave to Amend the Complaint**

The Court should grant leave to amend the complaint under Rule 15(a)(2), which provides that a party may amend its pleading only with the opposing party's written consent or leave of court. Plaintiff has the opposing party's written consent to amend.

In addition, "[t]he court should grant leave when justice so requires," and there are no factors that counsel against amendment, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This is plaintiff's first proposed amendment, and he moves quickly to file this letter after concluding the depositions of the currently named defendants on January 16, 2014 and before the deadline set by this Court for amending the complaint. The current defendants have not claimed any prejudice. Nor could they, as they have been on notice since the first court conference that plaintiff may add defendants after the initial stage of discovery.

The proposed amendments are not futile. As arrest is traditionally a police function, ADA Zangla's actions in relation to plaintiff's arrest—advising and directing the warrantless arrest—are not the type of actions for which prosecutors are entitled to absolute immunity. *See Burns v. Reed*, 500 U.S. 478, 496 (1991) (denying absolute immunity where the prosecutor advised the police on legality of conduct in the investigative stage of proceedings); *Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (holding that prosecutorial immunity does not extend to detention, as "[i]nvestigation, arrest, and detention have historically and by precedent been regarded as the work of police"); *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990) (holding that prosecutor is not absolutely immune from suit where the plaintiff alleged the prosecutor "directed" the plaintiff's warrantless arrest). ADA Zangla stepped into a role usually played by the police officer, or even a complaining witness, by advising on the factual and legal basis of the arrest and directing the arrest prior to the initiation of judicial process. He can only invoke the same level of immunity as the Village PD officers, *i.e.*, qualified immunity.

The *Monell* claim against the Village of Liberty is also meritorious. *Monell* liability may attach when a municipality's failure to train its police officers about the unconstitutional application of sections of the Penal Law foreseeably results in the plaintiff's arrest. *Amore v. City of Ithaca*, 2008 U.S. Dist. LEXIS 26035, at *17-19 (N.D.N.Y. Mar. 28, 2008), *rev'd on other grounds*, 624 F.3d 522 (2d Cir. 2010). As outlined above, Village police officers have not

received any training on case law interpretations of the Penal Law, including the Aggravated Harassment statute under which plaintiff arrested, § 240.30(1)(a). In addition to *People v. Mangano*, other court rulings have counseled against applying the Aggravated Harassment and similar laws against persons who engage in offensive and even vulgar conduct. *See, e.g., People v. Dietze*, 75 N.Y.2d 47 (1989) (holding that § 240.25(2), which, like § 240.30(1), prohibits "abusive" language with intent to "harass" or "annoy," could not be applied against a defendant who called a woman a "bitch" and her son a "dog" and threatened to "beat the crap out of [the mother] some day or night on the street"); *People v. Dupont*, 107 A.D.2d 247 (1st Dept. 1985) (striking down prosecution under § 240.30(1)(a) and noting that "[t]hroughout the history of the harassment statute in its various forms running back more than a century, it has not been applied to make the mere distribution of printed material a crime"). More broadly, under the "fighting words" doctrine, "any proscription of pure speech must be sharply limited to words which, by their utterance alone, inflict injury or tend naturally to evoke immediate violence or other breach of the peace." *Dietze*, 75 N.Y.2d at 51-52 (citing, *inter alia*, *Terminiello v. Chicago*, 337 U.S. 1, 4-5 (1949)). *See also Virginia v. Black*, 538 U.S. 343, 359 (2003) ("true threats" only include "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals"). Although police officers are charged with knowing these clear and obvious First Amendment limitations to the Penal Law, the Village is also liable for its failure to train their officers on these constitutional limitations.

**The Court Should Grant Leave to Join New Parties Because Claims against Them Arise Out of the Events Giving Rise to this Lawsuit**

Under Rule 20(a), joinder of additional defendants is allowed when "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." These requirements are met here as the claim against all current and proposed defendants arise out of the Liberty PD employees' arrest of plaintiff under Penal Law § 240.30(1)(a) on October 18, 2012, and raises overlapping questions of fact regarding the circumstances that led to the arrest and questions of law regarding the unconstitutionality of the arrest.

**The Court Should Amend the Scheduling Order Once Parties Are Added**

Adding ADA Zangla and the Village of Liberty as defendants will require that the court amend the scheduling order to re-open discovery. The plaintiff does not expect to take additional discovery against ADA Zangla. However, plaintiff does expect that additional discovery will be necessary for the new claim against the Village. Plaintiff requests that the Court schedule a conference to re-set the scheduling order once the proposed parties have been added and plaintiff learns how the new defendants intend to respond to the Amended Complaint.

Respectfully submitted,

*/s/ Stephen Bergstein*

Stephen Bergstein

cc:   Mariko Hirose, Esq.
      Adam Rodd, Esq.
      Sam Yasgur, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAN BARBOZA,

           Plaintiff,

-versus-

           No. 13 Civ. 4067
           Judge Cathy Seibel

DETECTIVE STEVEN D'AGATA, sued in his
individual capacity and POLICE OFFICER
MELVIN GORR sued in his individual capacity,

           Defendants.
------------------------------------------------------------X

## STIPULATION AND [PROPOSED] ORDER
## REGARDING FILING OF THE AMENDED COMPLAINT

      WHEREAS the Court has set February 6, 2014 as a deadline for seeking leave to amend the Complaint and join additional parties in this action;

      WHEREAS the plaintiff Willian Barboza seeks to file the Amended Complaint attached herein as Exhibit A;

      WHEREAS the current defendants Steven D'Agata and Melvin Gorr have consented to the filing of the Amended Complaint;

IT IS HEREBY STIPULATED AND ORDERED:

      Plaintiff Willian Barboza shall file the Amended Complaint attached herein as Exhibit A with the Court within five (5) days of the date of this Order.

Dated: February 5, 2014

*signature*
Stephen Bergstein
BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
Tel: (845) 469-1277
Fax: (845) 469-5904

Mariko Hirose
Corey Stoughton
Christopher Dunn
NEW YORK CIVIL LIBERTIES UNION
FOUNDATION
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
Fax: (212) 607-3318

*Counsel for Plaintiff*

*signature*
Adam L. Rodd
DRAKE, LOEB, HELLER, KENNEDY,
GOGERTY, GABA & RODD, PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, N.Y. 12553

*Counsel for Defendants D'Agata and Gorr*

SO ORDERED

_____
Judge Cathy Seibel

Dated: _____, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAN BARBOZA,

        Plaintiff,

-versus-

VILLAGE OF LIBERTY;
STEVEN D'AGATA, sued in his individual capacity;
MELVIN GORR, sued in his individual capacity; and
ROBERT ZANGLA, sued in his individual capacity,

        Defendants.
------------------------------------------------------------X

**AMENDED COMPLAINT**

ECF Case
No. 13 Civ. 4067
Judge Cathy Seibel

## INTRODUCTION

1. This civil rights action seeks to vindicate the right of individuals to criticize their government free of the threat of arrest and prosecution. In August 2012, plaintiff Willian Barboza paid by mail a traffic ticket that he received while driving through the Village of Liberty in Sullivan County, New York. Plaintiff expressed his frustration by crossing out "Liberty" from the payment form and replacing it with "TYRANNY," and writing "FUCK YOUR SHITTY TOWN BITCHES." For writing the latter set of words, plaintiff was ordered to appear in court, arrested and handcuffed, and prosecuted under New York's Aggravated Harassment statute, Penal Law § 240.30(1)(a). In dismissing the charge seven months later, the Town court hearing the case observed that "no citation is necessary for this Court to determine that the language under the circumstances here, offensive as it is, is protected" under the First Amendment.

2. Plaintiff brings this action under the First and Fourth Amendments to the United States Constitution, seeking a finding that he was falsely arrested and retaliated against for engaging in protected speech. He also seeks damages for pain and suffering and humiliation. In addition, plaintiff seeks a judicial declaration in the course of a liability finding that Penal Law §

240.30(1)(a) is unconstitutional on its face insofar as it reaches "annoying" or "alarming" speech. This case illustrates how the continued existence of Penal Law § 240.30(1)(a) in New York presents the unacceptable risk of prosecution for the mere exercise of constitutionally protected free speech.

**PARTIES**

3. Plaintiff Willian Barboza is a 23 year-old man who resides in Fairfield County, Connecticut.

4. Defendant Steven D'Agata is a detective employed by the Village of Liberty in Sullivan County, New York. As a state actor, he may be sued under 42 U.S.C. § 1983.

5. Defendant Melvin Gorr is a police officer employed by the Village of Liberty in Sullivan County, New York. As a state actor, he may be sued under 42 U.S.C. § 1983.

6. Defendant Robert Zangla is an assistant district attorney employed by the Sullivan County District Attorney's Office in Sullivan County, New York. As a state actor, he may be sued under 42 U.S.C. § 1983.

7. Defendant Village of Liberty is a municipality organized pursuant to the laws of the State of New York. It may sue and be sued under 42 U.S.C. § 1983.

**JURISDICTION & VENUE**

8. As plaintiff brings this action to enforce the First and Fourth Amendments to the United States Constitution, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 (3) & (4). This Court also has subject matter jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988.

9. As the events giving rise to this case arose in Sullivan County, New York, this case

is properly venued in the Southern District of New York.

**FACTS**

10. On May 4, 2012, plaintiff was driving his vehicle on State Route 17 through the Town of Liberty. He was pulled over for speeding.

11. In early June 2012, plaintiff pled guilty by mail to the speeding ticket.

12. In August 2012, the Town of Liberty Court sent plaintiff a letter that accepted his guilty plea and provided information for payment of the fine. The letter also contained a payment form for plaintiff to complete in connection with his guilty plea.

13. On or about August 20, 2012, plaintiff filled out the payment form that accompanied the Town Court's letter. Expressing frustration at the Village of Liberty, in sending in the paperwork in connection with his guilty plea, plaintiff wrote on the form, "FUCK YOUR SHITTY TOWN BITCHES." He also crossed out the Town's name, "Liberty" from the form, and wrote "TYRANNY" instead. Plaintiff then mailed in the form.

14. Plaintiff's written comments on the form that he sent to the Clerk of Court of the Town of Liberty constituted protected expression under the First Amendment to the United States Constitution.

15. On September 26, 2012, Town of Liberty Justice Brian P. Rourke advised plaintiff in writing that his payment by mail was rejected and that he was ordered to appear in Town Court on October 18, 2012. Justice Rourke copied defendant Assistant District Attorney Robert Zangla of the Sullivan County District Attorney's Office on the letter.

16. Upon receiving the letter from Justice Rourke, plaintiff tried to reach the Town Court and defendant Zangla to find out if any issues with the payment could be resolved without an

appearance so that he would not have to drive two hours from his home in Connecticut to the Town of Liberty. On the day before the court appearance, Zangla called plaintiff back and left a voicemail saying that he would have to appear in court the next day.

17. As directed, plaintiff appeared in the Town of Liberty Court in the early afternoon on October 18, 2012, driving approximately two hours from his home in Connecticut in order to make the appearance. In open court, Justice Rourke held up plaintiff's payment letter and lectured him about plaintiff's language. At this time, defendants Steven D'Agata and Melvin Gorr arrested plaintiff for aggravated harassment and placed him in handcuffs inside the courtroom, in full view of the approximately 30 to 40 individuals who had to appear in court that day.

18. Defendants D'Agata and Gorr next escorted plaintiff from the courtroom and brought him to the Village of Liberty police station, where he was booked and fingerprinted and handcuffed to a bench.

19. After processing the plaintiff, defendant Gorr took plaintiff back to Town of Liberty Court where Justice Rourke told plaintiff that he was recusing himself from the case since he was party to it. Defendant Gorr then drove a handcuffed plaintiff to the Town of Fallsburg Court for arraignment. While driving plaintiff to the Town of Fallsburg Court, defendant Gorr told plaintiff that he did not engage in free speech because his written comment on the payment form had offended employees in the clerk's office.

20. At arraignment in the Town of Fallsburg Court where plaintiff was unrepresented the Town Justice imposed $200 bail.

21. Defendant Gorr next transported plaintiff to the Sullivan County Jail, where he paid bail and was finally released at around 7:00 p.m. Plaintiff then took a taxi to the Town of Liberty

where he was able to retrieve his car and drive home to Connecticut.

22.  Defendant Zangla knew about the language that plaintiff had written on the payment form since at least September 26, 2012, when he was copied on the letter from Justice Rourke summoning plaintiff to the Town Court on October 18, 2012. Zangla, however, failed to take any steps to secure an arrest warrant, conduct a factual investigation, or conduct an independent interview of individuals in the clerk's office who received the payment form.

23.  When Zangla saw that plaintiff appeared in Justice Rourke's courtroom on October 18, he advised Detective D'Agata on the factual and legal basis for drafting and filing an accusatory instrument and directed plaintiff's arrest under the Aggravated Harassment law.

24.  As Defendant Zangla stepped into a role usually played by the police officer, or even a complaining witness, by advising on the factual and legal basis of the arrest and directing the arrest prior to the initiation of judicial process, prosecutorial immunity cannot attach.

25.  Defendant D'Agata signed the accusatory instrument that initiated plaintiff's arrest and prosecution. This defendant charged plaintiff with violating Penal Law § 240.30(1)(a), a misdemeanor. That provision reads, "A person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he or she: . . . communicates with a person, anonymously or otherwise, by telephone, by telegraph, or by mail, or by transmitting or delivering any other form of written communication, in a manner likely to cause annoyance or alarm."

26.  In the accusatory instrument charging plaintiff, defendant D'Agata wrote that "The aforementioned defendant did commit the offense of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person, he communicated with a

person by mail in a manner likely to cause annoyance and alarm. To Wit: The aforementioned defendant, Willia[n] M. Barboza, on the above date and location did knowingly and intentionally communicate with Town of Liberty Court employees by mail by sending a traffic ticket payment correspondence with the words 'FUCK YOUR SHITTY TOWN BITCHES' written across the top."

27. Defendant Zangla approved the accusatory instrument drafted by defendant D'Agata.

28. Under clearly established law, plaintiff's speech could not be prosecuted under the offense of aggravated harassment in the second degree. The New York Court of Appeals has held that Penal Law § 240.30(1)(a) cannot, consistent with the First Amendment, be applied to speech that is "crude and offensive" but that does not "fall within any of the proscribable classes of speech or conduct."

29. State and federal courts in New York have also commented on the facial unconstitutionality of Penal Law § 240.30(1)(a). In 1997, one judge of this Court found the provision to be "utterly repugnant to the First Amendment of the United States Constitution and also unconstitutional for vagueness." In 2003, another judge of the Court warned that "state and local police officers and prosecutors would be well-advised . . . to cease arrests and prosecutions under this section."

30. As plaintiff was merely expressing his frustration toward the Village of Liberty and engaging in protected speech under the First Amendment, his speech could not be punished under § 240.30(1)(a). Plaintiff's arrest and prosecution therefore lacked probable cause.

31. The Village of Liberty does not train its police officers in how courts have

interpreted the Aggravated Harassment Law, including how the New York State Court of Appeals has held that it cannot be applied to "crude and offensive" speech. While law enforcement officers employed by the Village review the text of the Aggravated Harassment Law in drafting accusatory instruments and making the determination to charge and arrest defendants, the Village does not train its officers or provide them with materials about the constitutional limitations of the law.

32. As a consequence, when Defendant D'Agata charged and arrested plaintiff under the Aggravated Harassment law, since he received no training in legal developments surrounding the Aggravated Harassment law—the reach of which has been significantly narrowed by court rulings including by the New York State Court of Appeals—he was not properly trained to avoid applying the law against persons who engage in offensive and even vulgar speech that neither constitutes a "true threat" of violence or "fighting words."

33. As law enforcement officers employed by the Village of Liberty have charged persons with violating the Aggravated Harassment law, the Village is required to properly train them in the constitutional limitations of that law in order to prevent their employees from effecting arrests that violate the United States Constitution.

34. To the extent the Aggravated Harassment statute is vague or requires clarification in order for law enforcement officers to comply with the United States Constitution in making arrests, proper training on the scope of that law would ensure that arrests do not violate the First Amendment and other constitutional protections.

35. As a consequence of the Village's failure to properly train its law enforcement officers, they have inadequate knowledge of the criminal statutes relevant to their ordinary duties.

36. Confirming that defendants lacked any basis to arrest and detain plaintiff, by