# DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD PLLC
### ATTORNEYS AT LAW

555 Hudson Valley Avenue, Ste. 100
New Windsor, New York 12553
Phone: 845-561-0550
Fax: 845-561-1235
www.drakeloeb.com

James R. Loeb
Richard J. Drake
Glen L. Heller*
Marianna R. Kennedy
Gary J. Gogerty
Stephen J. Gaba
Adam L. Rodd
Dominic Cordisco
Timothy P. McElduff, Jr.
Ralph L. Puglielle, Jr.

Nicholas A. Pascale
Benjamin M. Wilkinson
Sebastian Lemos
Hunter D. Raines
Taylor M. Palmer

Thomas J. Egan
Of Counsel

*LL.M. in Taxation

**MEMO ENDORSED**

*Plaintiff shall state his position, by letter not to exceed 3 pages, by 3/4/13.*

February 26, 2014

**So Ordered.**

*Cathy Seibel*
Cathy Seibel, U.S.D.J.
Dated: 2/26/14

**Sent Via Fax to: 914-390-4278**
Hon. Cathy Seibel
United States Courthouse
300 Quarropas Street
White Plains, New York 10601

13 CV 4067

Re: Barboza v. Village of Liberty, D'Agata, Gorr and Zangla
Case No.: 13-CV-4067 (CS)
Our File No.: 08977 – 65604

Dear Judge Seibel:

This office represents the Village of Liberty, Steven D'Agata and Melvin Gorr in this action. This letter is written to set forth the basis of a proposed motion for summary judgment and/or a dismissal on their behalf. A conference is scheduled in this matter on March 7, 2014.

By way of background, the plaintiff was ticketed by a N.Y.S. Trooper for speeding on May 4, 2012. The plaintiff pled guilty to this charge, by mail, on June 3, 2012. On July 23, 2012 a notice was sent to the plaintiff by the Liberty Town Court to advise of the fine and surcharge for his ticket. On or about August 20, 2012 the plaintiff mailed this notice back to the Liberty Town Court, with his credit card information. On this same notice the plaintiff wrote, by hand: "FUCK YOUR SHITTY TOWN BITCHES."

A court clerk for the Liberty Town Court opened the notice sent by the plaintiff, and reportedly felt threatened and fearful by the plaintiff's handwritten comments. This court clerk brought the plaintiff's correspondence to the attention of Liberty Town Justice Rourke. Judge Rourke believed that the plaintiff's correspondence might implicate a violation of the Penal Law, and asked Sullivan County ADA Zangla to look into the matter. ADA Zangla was assigned to handle the criminal prosecutions in the Liberty Town Court.

ADA Zangla researched the matter, and also conferred with other attorneys in his office. Based on his research and communications, ADA Zangla believed that the plaintiff's conduct violated Penal Law §240.30(1)(a) – which provides, in pertinent part, that: "[a] person is guilty of aggravated harassment in the second degree when, with intent to harass, annoy, threaten or alarm another person he…communicates…by… mail…in a manner likely to cause annoyance or alarm." ADA Zangla advised Judge Rourke accordingly.

Writer's Direct
Phone: 845-458-7303
Fax: 845-458-7304
arodd@drakeloeb.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/26/2014

Hon. Cathy Seibel
February 26, 2014
Page 2

---

On September 26, 2012 Judge Rourke wrote to the plaintiff to advise that the plaintiff's August 20, 2012 payment would not be accepted, and that he was required to appear back at the Liberty Town Court on October 18, 2012.

On the October 18, 2012 date, at the Liberty Town Court, ADA Zangla approached Steven D'Agata – a Police Detective employed by the Village of Liberty – prior to the call of the criminal calendar, and asked him to draft an Information charging the plaintiff with Aggravated Harassment in the Second Degree.[1] ADA Zangla further advised Detective D'Agata to arrest the plaintiff when his case was called by Judge Rourke. Detective D'Agata drafted the Information as he was asked to do, and showed the Information to ADA Zangla. ADA Zangla approved the Information.

When the plaintiff's case was called by Judge Rourke, ADA Zangla handed up the Information to the bench. Judge Rourke reviewed the Information, and then advised the plaintiff that he was serving him with the new charges set forth in the Information. The plaintiff was then arrested by Detective D'Agata, with the assistance of Officer Gorr – another employee of the Village of Liberty Police Department. The underlying Aggravated Harassment charge was later dismissed, on March 22, 2013, by another Town Judge, based on that Judge's finding that the plaintiff's conduct was protected by the First Amendment and was not actionable.

The plaintiff's initial Complaint named D'Agata and Gorr only, and alleged causes of action based upon false arrest, malicious prosecution, and First Amendment retaliation (Dkt. No. 1). The plaintiff just recently filed an Amended Complaint, adding the Village of Liberty and ADA Zangla as party defendants (Dkt. No. 2). The Amended Complaint alleges only claims sounding in false arrest and First Amendment retaliation (thus dropping the malicious prosecution claim), and adds a failure to train claim against the Village.

To sustain a claim sounding in false arrest, the plaintiff must show that: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. Singer v. Fulton County Sheriff, 63 F. 3d 110 (2d Cir. 1995). Regarding the fourth element, an arrest is privileged if an officer has probable cause to believe that the person arrested committed a crime. Armatas v. Maroulleti, 2010 WL 4340437 (E.D.N.Y. 2010).

In this case, assuming, solely for the sake of argument, that there was not in actuality a firm legal basis to sustain an Aggravated Harassment in the Second Degree charge, D'Agata and Gorr are clearly entitled to qualified immunity. The rule is well-settled that "…it is reasonable for law enforcement officers to rely on a prosecutor's advice in bringing charges." Muhammad v. City of Peekskill, 2008 WL 4525367 (S.D.N.Y. 2008). This extends, of course, to an officer's reliance on an attorney's advice that probable cause existed. Dale v. Kelley, 908 F. Supp. 125 at 138 (concluding that village police chief's reliance on district attorney's "relatively more expert

---

[1] The Village of Liberty Police Department provides police staffing to the Town of Liberty Town Court pursuant to contract. Detective D'Agata was scheduled to provide this police staffing at the Liberty Town Court on the October 18, 2012 date.

Hon. Cathy Seibel
February 26, 2014
Page 3

---

opinion that probable cause existed was objectively reasonable as a matter of law"). Here, both D'Agata and Gorr are protected by qualified immunity as they simply carried out the instructions of ADA Zangla to charge and arrest the plaintiff, and, under the facts presented, cannot be said, under the prevailing legal standard, to have been "plainly incompetent" for doing so. See, Stanton v. Sims, 134 S.Ct. 3 at 5 (2013) ("Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law").

In order for a plaintiff to make out a prima facie case sounding in First Amendment retaliation, a plaintiff must prove: (1) that he has an interest protected by the First Amendment; (2) that the defendants' actions were motivated or substantially caused by his exercise of that right; and (3) that the defendants' actions effectively chilled the exercise of the plaintiff First Amendment right. Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001).

In this case, assuming that the plaintiff can establish the first two (2) prongs of a prima facie case, he cannot establish the third. Specifically, following the October 18, 2012 arrest, the plaintiff wrote several letters to various government officials about the integrity of ADA Zangla and the subject arrest. In one letter to ADA Zangla, the plaintiff accused ADA Zangla of acting like "a butt hurt little bitch," and further wrote that "I hope this letter finds you in terminally ill health, stuck in a loveless marriage and full of self loathing every time you catch a glimpse of yourself in the mirror." Because the conduct of the defendants hardly "chilled" the plaintiff's speech (in fact it seems to have strongly encouraged it), the plaintiff cannot prove a prima facie case. See, Curley v. Village of Suffern, 268 F.3d 65 (2d Cir. 2001)("[w]here a party can show no change in his behavior, he has quite plainly shown no chilling of his First Amendment right to free speech").

There is no merit to the new failure to train theory against the Village. A failure to train will trigger municipal liability under "Monell" only where "the failure to train amounts to deliberate indifference." Valentin v. New York City, 1997 WL 33323099 (E.D.N.Y. 1997). To show "deliberate indifference," a plaintiff must ordinarily show a pattern of similar constitutional violations by untrained employees. Connick v. Thompson, 131 S. Ct. 1350 (2011). The plaintiff has not pled any such pattern here. Further, the failure to train claim is not viable since, as noted above, the underlying conduct of D'Agata and Gorr is not actionable. MacFall v. City of Rochester, 746 F.Supp.2d 474 (W.D.N.Y. 2010)("A § 1983 claim based upon alleged negligence in hiring, training or supervision of municipal employees will not lie in the absence of an underlying constitutional violation").

I look forward to discussing the proposed motion further with the Court on March 7, 2014.

Respectfully,

ADAM L. RODD

ALR/ev/333411

---

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD, PLLC

Hon. Cathy Seibel
February 26, 2014
Page 4

---

cc:  Bergstein & Ullrich, LLP – *Via Fax 845-469-5904*
 New York Civil Liberties Union Foundation – *Via Fax 212-607-3318*
 Samuel Yasgur – *Via Fax 845-807-0574*

---

DRAKE LOEB HELLER KENNEDY GOGERTY GABA & RODD, PLLC



# FACSIMILE

555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553

Phone: 845-561-0550
Fax:   845-561-1235
www.drakeloeb.com

James R. Loeb
Richard J. Drake
Glen L. Heller*
Marianna R. Kennedy
Gary J. Gogerty
Stephen J. Gaba
Adam L. Rodd
Dominic Cordisco
Timothy P. McElduff, Jr
Ralph L. Puglielle, Jr.

Nicholas A. Pascale
Benjamin M. Wilkinson
Sebastian Lemos
Hunter D. Raines
Taylor M. Palmer

Thomas J. Egan
Of Counsel

*L.L.M. in Taxation

| | | | |
|---|---|---|---|
| **TO:** | HON. CATHY SEIBEL | **FAX NO.:** | 914-390-4278 |
| **CC:** | Bergstein & Ullrich, LLP<br>New York Civil Liberties Union<br>Samuel Yasgur, Esq. | | 845-469-5904<br>212-607-3318<br>845-807-0574 |
| **FROM:** | Adam L. Rodd, Esq. | **PAGES:** | 5 |
| **DATE:** | February 26, 2014 | **FILE NO.:** | 08977-65604 |
| **RE:** | Barboza v. Village of Liberty, D'Agata, Gorr and Zangla<br>**Case No.:** 13 CV 4007 (CS) | | |

Judge Seibel –

This office's February 25, 2014 pre-motion letter has a typographical error on page 2 in the second paragraph. It states that "ADA Zangla drafted the information as he was asked to do…" It should read: "Detective D'Agata drafted the information as he was asked to do…" A corrected copy of our pre-motion letter is attached. We apologize for the error. Thank you.

Elaine Vigorito
Secretary to Stephen J. Gaba and Adam L. Rodd
Direct Dial - (845) 458-7321
Direct Fax - (845) 458-7361
evigorito@drakeloeb.com

The information contained in this facsimile message may be Attorney Privileged and Confidential information, and is intended only for the use of the party named as recipient. If you are not the named recipient, please be advised that any use, distribution or copying of this fax is strictly prohibited. If you have received this fax in error, please notify us immediately by telephone.

Pursuant to IRS Regulations, any tax advice contained in this communication or attachments is not intended to be used and cannot be used for purposes of avoiding penalties imposed by the Internal Revenue Code or promoting, marketing or recommending to another person any tax related matter.

**If problems of clarity or transmission, please call Elaine at 845-458-7321.**