# BERGSTEIN & ULLRICH, LLP

~ ATTORNEYS AT LAW ~

15 RAILROAD AVENUE • CHESTER, NEW YORK 10918
TELEPHONE (845) 469-1277
FACSIMILE (845) 469-5904
E-MAIL thefirm@tbulaw.com
www.BergsteinUllrichLaw.com
www.secondcircuitcivilrights.blogspot.com

Stephen Bergstein

*Of Counsel*
Helen G. Ullrich

February 27, 2014

Hon. Cathy Seibel,
United States Courthouse, S.D.N.Y.
300 Quarropas St.
White Plains, NY 10601-4150

      Re: *Barboza v. D'Agata*, 13 CV 4067 (CS)

Dear Judge Seibel:

  On behalf of the plaintiff, we are responding to the pre-motion letter filed by defendants Village of Liberty, Steven D'Agata, and Melvin Gorr ahead of the March 7, 2014 conference requesting permission to file a motion for summary judgment on behalf of the individual officers based on qualified immunity and a motion to dismiss the claims against the Village for failure to state a claim. Plaintiff recently amended the Complaint to add the Village and Robert Zangla, an Assistant Sullivan County District Attorney, as defendants, and, as indicated in the letter requesting to amend the Complaint (ECF 20), plaintiff plans to ask the Court at the conference for a renewed discovery period in light of Amended Complaint. Plaintiff will seek a case management schedule that allows for discovery on the new claim against the Village and that contemplates expert discovery. Although plaintiff is currently in a position to file for summary judgment against defendants D'Agata, Gorr, and Zangla, given that the proposed motions in this case raise overlapping legal issues around the same set of facts, plaintiff requests that the Court allow discovery pertaining to the Village to proceed and that it entertain all dispositive motions at the end of that discovery period, rather than considering defendants' proposed motions now.[1]

  As background, plaintiff brought this action after he was falsely arrested under the Aggravated Harassment law, Penal Law § 240.30(1)(a), solely for writing "fuck your shitty town bitches" on a payment form to a traffic ticket that he received while driving through the Village of Liberty. On July 19, 2013, the plaintiff sued defendants D'Agata and Gorr, the Village of Liberty Police Department ("Liberty PD") officers who arrested him. Through discovery, plaintiff learned that Zangla, an Assistant Sullivan County District Attorney, was also involved in plaintiff's arrest, by directing the arrest and by advising on the preparation of the accusatory instrument.[2] Plaintiff also learned through responses to document requests and deposition testimony that, although Liberty PD officers have access to the text of the Aggravated

---

[1] If D'Agata, Gorr, and Zangla are permitted to engage in motion practice now, however, plaintiff seeks permission to cross-move for summary judgment against those defendants at the same time. Plaintiff's cross-motions on undisputed facts will be successful for the same reasons that defendants' motions will be unsuccessful.

[2] Despite implications in defendants' letter, none of the defendants conducted any investigation prior to the arrest. The individual defendants testified that they did not know at the time of the arrest which court clerk (or clerks) had complained about plaintiff's letter. Zangla did not conduct research beyond looking at the text of the law.

1

Harassment law, a law that they have enforced in the past, they have not received training on the First Amendment limitations of the law.

Request to Proceed With Discovery Against the Village Before Summary Judgment Practice.

Plaintiff requests that the Court re-open discovery so that he can investigate his *Monell* claim against the Village. After this discovery period, plaintiff expects to move for summary judgment against all four defendants. Plaintiff therefore asks that the Court extend any deadlines for moving for summary judgment until the end of the new discovery period.

Proposed Motions to Dismiss Are Without Merit.

The Village's proposed motion to dismiss the case will not succeed. The Second Circuit has stated that at the pleading stage of a *Monell* claim, plaintiff "need only plead that the municipality's failure to train caused the constitutional violation." *Amnesty Am. v. Town of West Hartford*, 361 F.3d 113, 130 n. 10 (2d Cir. 2004). Plaintiff did that and more, alleging that Village police officers have not received *any* training on case law interpretations of the Penal Law, including the Aggravated Harassment statute under which plaintiff was arrested. (Amended Complaint ¶¶ 31, 32, 35.) Plaintiff further alleged that Village police officers enforce this law and make arrests based on this law. (*Id.* ¶¶ 32, 33.) Those allegations state a *Monell* claim even based on a single unconstitutional incident, as it is foreseeable that officers would violate constitutional rights without any training on constitutional limitations of a law that they are tasked with enforcing. *See Chamberlain v. City of White Plains*, 2013 WL 6477334, at *18 (S.D.N.Y. Dec. 10, 2013) (holding that a single-liability *Monell* claim survives a motion to dismiss where plaintiff alleged that there was *no* training to handle a situation that was foreseen by the employee manual); *Amore v. City of Ithaca*, 2008 WL 8922948, at *7-9 (N.D.N.Y. Mar. 28, 2008) (holding that a *Monell* claim survives summary judgment where there is no evidence of repeat constitutional violations but a police officer would have enforced the text of the Penal Law as written without the benefit of training), *rev'd on other grounds*, 624 F.3d 522 (2d Cir. 2010). The Village should not file the proposed motion. But if it is allowed to do so, the Court should not stay discovery given that the Village's motion will not succeed. *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2008 WL 88278, at *1(S.D.N.Y. Jan. 22, 2002).

Defendant Zangla has informed plaintiff that he contemplates filing a motion to dismiss based on prosecutorial immunity. That motion is unwarranted given that the Amended Complaint alleges that Zangla directed the arrest. (Amended Complaint ¶ 23.) That allegation has survived a motion to dismiss in the Second Circuit. *See Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990) (holding that prosecutor is not absolutely immune where plaintiff alleged the prosecutor "directed" the warrantless arrest). Moreover, there is no reason for Zangla to move to dismiss now instead of moving for summary judgment at a later time given that discovery on liability issues (i.e., Zangla's deposition and document discovery) is complete.

Proposed Motions for Summary Judgment Are Premature.

Defendants D'Agata and Gorr propose to move for summary judgment on the basis of qualified immunity at this stage, but such motions are premature. Given the number of motions

and cross-motions that raise overlapping arguments based on the same facts, it would be best for all summary judgment motion practice to occur at the end of the new discovery period.[3]

Moreover, D'Agata and Gorr are not entitled to qualified immunity.[4] Police officers are not entitled to qualified immunity where their conduct violated a constitutional right and that right was clearly established. *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Plaintiff's constitutional right against being arrested under Penal Law § 240.30(1)(a) could not have been more clearly established. The Supreme Court has long made clear that individuals cannot be punished under the First Amendment for the mere use of offensive words. *See Cohen v. California*, 403 U.S. 15, 26 (1971) (holding that the public display of words "fuck the draft" in a courtroom cannot be criminalized); *Terminiello v. City of Chicago*, 337 U.S. 1, 4 (1949) (holding that speech cannot be punished "unless likely to produce a clear and present danger of serious substantive evil that rises far above public inconvenience, annoyance, or unrest"). Almost a decade before plaintiff's arrest, the state Court of Appeals held that the very law under which plaintiff was arrested could not, consistently with constitutional law, be enforced in a nearly identical situation—against "crude and offensive" messages to village employees complaining about a parking ticket. *People v. Mangano*, 100 N.Y.2d 569, 571 (2003). D'Agata and Gorr are liable for enforcing Penal Law § 240.30(1)(a), a law that is unconstitutional on its face and as applied to plaintiff's speech.

The fact that Zangla directed plaintiff's arrest does not entitle D'Agata and Gorr to qualified immunity. The Second Circuit recently held that "reliance upon advice of counsel . . . cannot be used to support the defense of qualified immunity." *In re County of Erie*, 546 F. 3d 222, 229 (2d Cir. 2008). Police officers have an independent duty not to participate in the obvious violation of constitutional rights and, even more, to intervene to prevent the violation of constitutional rights. *See Gagnon v. Ball*, 696 F.2d 17, 21 (2d Cir. 1982).

For these reasons, defendants' motions will not succeed. We ask this Court to allow plaintiff to finish taking discovery so that the parties can engage in all dispositive motion practice at the same time.

Respectfully submitted,

Stephen Bergstein                     Mariko Hirose

cc:   Adam Rodd, Esq.
      Samuel Yasgar, Esq.

---

[3] While there is overlap, defendants are incorrect that the individual defendants' motions would be dispositive of the *Monell* claim. *See Askins v. Doe No. 1*, 727 F.3d 248, 253 (2d Cir. 2013) ("[T]he entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is . . . irrelevant to the liability of the municipality.").

[4] Defendants' attempt to dismiss the First Amendment claim will also fail, as that claim is the same as plaintiff's Fourth Amendment claim. The portion of *Curley v. Village of Suffern*, 268 F.3d 65 (2d Cir. 2001), quoted by defendants is an "imprecise statement of law" because a "concrete harm"—like false arrest—can grant plaintiff standing for First Amendment retaliation claims. *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013).