

125 Broad Street, 19th floor
New York, NY  10004
212.607.3300
212.607.3318
www.nyclu.org

Mariko Hirose
Staff Attorney
Extension: 322
mhirose@nyclu.org

March 5, 2014

**By ECF**
Hon. Cathy Seibel
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

                Re:    *Barboza v. D'Agata*, 13 CV 4067 (CS)

Dear Judge Seibel:

      On behalf of the plaintiff, we are responding to the pre-motion letter filed yesterday by defendant Robert Zangla, an Assistant Sullivan County District Attorney, ("ADA Zangla") ahead of the March 7, 2014 conference requesting permission to file a motion for summary judgment <u>and</u> a motion to dismiss on behalf of ADA Zangla based on his assertion of absolute prosecutorial immunity.  Notwithstanding ADA Zangla's request, plaintiff's position remains that which he articulated in his February 27, 2014 letter (ECF 29) – namely, that the Court allow plaintiff to proceed with a brief period of discovery pertaining to his claims of liability against defendant the Village of Liberty and entertain all dispositive motions, including ADA Zangla's proposed motion for summary judgment, at the end of that discovery period.

      ADA Zangla's position that he does not need discovery before moving for summary judgment supports plaintiff's proposal insofar as it demonstrates that motions to dismiss are unnecessary.  Although plaintiff is prepared to move for summary judgment against all the individual defendants immediately, including ADA Zangla as well as arresting officers Steven D'Agata and Melvin Gorr, and intends to cross-move against those individual defendants if they are permitted to file summary judgment motions at this stage, we believe it would be most efficient for this Court to review all summary judgment motions at the end of discovery, at which point plaintiff expects to be in a position to move for summary judgment against all defendants including the Village of Liberty.

      Furthermore, ADA Zangla's proposed motions based on absolute immunity will be unsuccessful for reasons articulated in plaintiff's February 27, 2014 letter responding to the pre-motion letter filed by the remaining defendants (ECF 29) and in the February 6, 2014 amended letter requesting permission to amend the complaint (ECF 20).  ADA Zangla is not entitled to absolute immunity for his participation in plaintiff's warrantless arrest.  *See Burns v. Reed*, 500 U.S. 478, 496 (1991) (denying absolute immunity where the prosecutor advised the police on legality of conduct in the investigative stage of proceedings); *Simon v. City of New York*, 727 F.3d 167, 172 (2d Cir. 2013) (holding that prosecutorial immunity does not extend to detention,

as "[i]nvestigation, arrest, and detention have historically and by precedent been regarded as the work of police"); *Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir. 1990) (holding that prosecutor is not absolutely immune from suit where the plaintiff alleged the prosecutor "directed" the plaintiff's warrantless arrest).

For these reasons, we request that the Court not allow defendant Zangla to file his proposed motions at this stage, but allow plaintiff to proceed with a period of discovery pertaining to his claims of liability against defendant the Village of Liberty before entertaining all motions.

                              Respectfully submitted,

                                     */s*
                              Mariko Hirose

cc:    Adam Rodd, Esq.;
       Samuel Yasgur, Esq.