ALR/ev                                08977-65604                                    354695

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIAN BARBOZA,

                       Plaintiff,

    -against-

VILLAGE OF LIBERTY;
STEVEN D'AGATA, sued in his individual capacity;
MELVIN GORR sued in his individual capacity; and
ROBERT ZANGLA, sued in his individual capacity,

                       Defendants.
----------------------------------------------------------------X

HON. CATHY SEIBEL

**ANSWER TO SECOND AMENDED COMPLAINT**

ECF Case
Case No.: 13 CIV 4067

Defendants, the VILLAGE OF LIBERTY, STEVEN D'AGATA, and MELVIN GORR, by their attorneys, DRAKE, LOEB, HELLER, KENNEDY, GOGERTY, GABA & RODD, PLLC, answering the Second Amended Complaint of the plaintiff, allege as follows:

FIRST:  Deny any knowledge or information sufficient to form a belief as to the truth or falsity of each and every allegation contained in the paragraphs of the Second Amended Complaint numbered "1", "2", "3", "8", "10", "11", "12", "13", "15", "16", "20", "22", "24", "29", "35", "39", "40", "42", "43" and "44".

SECOND:  Deny each and every allegation contained in the paragraphs of the Second Amended Complaint numbered "14", "30", "31", "32", "36", "37", "38", "41", "45", "47", "48" and "49".

THIRD:  Admit that the defendants Steven D'Agata and Melvin Gorr arrested the plaintiff for aggravated harassment and placed him in handcuffs inside the courtroom, and deny any knowledge or information to form a belief as to the remaining allegations contained in the paragraph of the Second Amended Complaint numbered "17".

FOURTH: Admit to the allegations as contained in the paragraph of the Second Amended Complaint numbered "19", except specifically deny that while driving plaintiff to the Town of Fallsburg Court, defendant Gorr told plaintiff that he did not engage in free speech because his written comment on the payment form had offended employees in the clerk's office.

FIFTH: Admit that the defendant Gorr transported plaintiff to the Sullivan County Jail, but deny any knowledge or information to form a belief as to the remaining allegations contained in the paragraph of the Second Amended Complaint numbered "21".

SIXTH: Deny that under clearly established law, plaintiff's speech could not be prosecuted under the offense of aggravated harassment in the second degree, and deny knowledge or information to either admit or deny the truth or falsity of the remaining allegations in paragraph "28" of the Second Amended Complaint, and refer all questions of law to the Court.

SEVENTH: Admit that the Village of Liberty police officers are tasked with enforcing the Penal Law, including § 240.30(1)(a), and that the Village provides officers with access to the text of the Penal Law and provides a computerized accusatory instrument form on which the text of the Penal Law, including § 240.30(1)(a), is saved, but deny the remaining allegations in paragraph "33" of the Second Amended Complaint.

## CAUSES OF ACTION

EIGHTH: Repeat and reallege each and every response to the allegations contained in the paragraphs of the Second Amended Ccomplaint numbered "1" through "45", inclusive, as realleged in paragraph "46", with the same force and effect as though

more fully set forth at length herein.

NINTH: Deny each and every allegation contained in the paragraphs of the Second Amended Complaint numbered "47", "48" and "49".

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

TENTH: The damages alleged to have been sustained by plaintiff were caused in whole or partly by the culpable conduct of the plaintiff.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

ELEVENTH: These answering defendants hereby invoke the provisions of CPLR Article 16 and request that the jury herein be charged accordingly.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

TWELFTH: The allegations set forth within the Complaint fail to state a cause of action.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

THIRTEENTH: Plaintiff failed to mitigate his damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

FOURTEENTH: The plaintiff's claims against these answering defendants are barred by the doctrine of qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

FIFTEENTH: The plaintiff's claims against these answering defendants are barred by the doctrine of absolute immunity.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

SIXTEENTH: These answering defendants did not initiate the subject prosecution of the plaintiff.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

SEVENTEENTH: The arrest and prosecution of the plaintiff were supported by probable cause.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

EIGHTEENTH: The plaintiff's claims are barred by the inability to establish malice.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

NINETEENTH: The plaintiff's claims are not actionable because it was objectively reasonable for these answering defendants to believe that the plaintiff violated the Penal Law provisions at issue.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

TWENTIETH: The plaintiff's speech was not chilled or curtailed as a result of the defendants' actions.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

TWENTY-FIRST: These answering defendants did not continue the prosecution of the plaintiff.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

TWENTY-SECOND: These answering defendants did not make the decision to either arrest or prosecute the plaintiff.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

TWENTY-THIRD: These answering defendants may not be found liable for the decisions to arrest and prosecute made by others for whom these answering defendants are not liable.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

TWENTY-FOURTH:  These answering defendants did not have a policy, custom or practice of alleged unconstitutional conduct.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

TWENTY-FIFTH:  The conduct of the defendants was not deliberately indifferent to the plaintiff's rights.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

TWENTY-SIXTH:  These answering defendants were not placed on actual or constructive notice of their alleged unconstitutional conduct, or of any deficiencies in their training.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

TWENTY-SEVENTH:  The Village of Liberty is not vicariously liable for the complained of conduct of its officers and/or employees, and may not be held liable under the doctrine of respondeat superior.

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

TWENTY-EIGHTH:  Any act or omission on the part of the Village of Liberty did not cause the constitutional injury complained of.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

TWENTY-NINTH:  The conduct of these answering defendants was supported by probable cause and/or arguable probable cause.

## CROSS-CLAIM AGAINST CO-DEFENDANT, ROBERT ZANGLA

AS AND FOR A CROSS-CLAIM AGAINST THE CO-DEFENDANT, ROBERT ZANGLA, THE DEFENDANTS, VILLAGE OF LIBERTY, STEVEN D'AGATA AND MELVIN GORR ARE ENTITLED TO INDEMNIFICATION, CONTRIBUTION, AND APPORTIONMENT OF RESPONSIBILITY, IF ANY, FROM THE CO-DEFENDANT, ROBERT ZANGLA, AND DEMANDS THAT SAME BE DETERMINED UPON THE TRIAL OF THE ISSUES HEREIN.

WHEREFORE, defendants, the VILLAGE OF LIBERTY, STEVEN D'AGATA, and MELVIN GORR demand judgment:

1. dismissing the Second Amended Complaint;

2. indemnifying this answering party and/or apportioning the liability between plaintiff, this answering party and all other parties to this action, and any person or entity otherwise responsible under Article 16 of the CPLR, for the amount awarded in favor of plaintiff(s) or for an amount equal to the excess of the award over and above this answering party's equitable share of the award: and

3. for costs, interest, disbursements and attorneys' fees incurred in this action.

Dated: New Windsor, New York
       May 21, 2014

                                    Yours, etc.,

                                    DRAKE, LOEB, HELLER, KENNEDY,
                                    GOGERTY, GABA & RODD, PLLC

                              By:   /s/ Adam L. Rodd
                                    ADAM L. RODD (AR-3484)
                                    *Attorneys for Defendants,*
                                    STEVEN D'AGATA and MELVIN GORR
                                    555 Hudson Valley Avenue, Suite 100
                                    New Windsor, New York 12553
                                    Tel. No.: (845) 561-0550

TO:  BERGSTEIN & ULLRICH, LLP
     *Attorneys for Plaintiff*
     15 Railroad Avenue
     Chester, New York 10918
     Tel. No.: 845-469-1277

NEW YORK CIVIL LIBERTIES UNION FOUNDATION
ATTN: MARIKO HIROSE, ESQ.
*Attorneys for Plaintiff*
125 Broad Street, 19th Floor
New York, NY 10004
Tel. No.: 212-607-3300

SULLIVAN COUNTY DEPARTMENT OF LAW
*Attorneys for Robert Zangla*
County Government Center
100 North Street, P.O. Box 5012
Monticello, N.Y. 12701
Tel. No.: 845-807-0560