UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
WILLIAM BARBOZA,

                   Plaintiff,

-against-

VILLAGE OF LIBERTY, DETECTIVE
STEVEN D'AGATA, sued in his
individual capacity, MELVIN GORR,
sued in his individual capacity, ROBERT
ZANGLA, sued in his individual
capacity,

                   Defendants.
------------------------------------------------------x

Case No. 13-cv-4067
U.S.D.J. Cathy Seibel

---

**DECLARATION OF DEFENDANT ROBERT ZANGLA
IN SUPPORT OF ZANGLA'S REPLY TO PLAINTIFF'S
RESPONSE TO ZANGLA'S MOTION FOR SUMMARY
JUDGMENT AND IN SUPPORT OF ZANGLA'S RESPONSE
TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT**

---

STATE OF NEW YORK  )
                          ) SS.:
COUNTY OF SULLIVAN  )

ROBERT ZANGLA, being duly sworn, deposes and says:

1. I am a named Defendant in the above captioned case.

2. I submit this Declaration in Response to Plaintiff's Cross-Motion for Summary Judgment in the above matter and in support of my Reply to Plaintiff's Response to my Motion for Summary Judgment.

3. This Declaration is based on my personal knowledge.

4. Where the facts set forth in this Declaration were also the subject of my testimony at my Deposition on November 18, 2013, I have referenced the appropriate pages and lines of the Deposition.

5. I was and am an Assistant District Attorney in the Sullivan County District Attorney's Office. I am now the senior Assistant District Attorney in the Sullivan County District Attorney's Office.

6. As an Assistant District Attorney, I am entitled to the benefit of either Absolute Immunity or Qualified Immunity, whichever may be applicable based on the facts, for all acts taken by me as an Assistant District Attorney.

7. Every act charged against me in the Second Amended Complaint was taken by me in my official capacity as an Assistant District Attorney.

8. HOWEVER, the caption of the action states: "ROBERT ZANGLA, sued in his individual capacity". While the body of the Second Amended Complaint notes that I was an Assistant District Attorney, the caption of the action does NOT indicate that I was an Assistant District Attorney, nor that I am being sued with respect to actions taken as an Assistant District Attorney, nor that I am being sued in my official capacity.

9. If the Caption of the Action is controlling, I submit the Action must be dismissed against me since all of my actions were taken as an Assistant District Attorney.

10. As an Assistant District Attorney I have the Authority, either on my own or in consultation with the District Attorney, to initiate Criminal Prosecutions.

11. Criminal Prosecutions can be initiated in a number of ways, such as:

   A. By an appearance ticket issued by a Law Enforcement Officer.

    B. By a prosecutor's information issued by a District Attorney or Assistant District Attorney and filed with the Court.

    C. By an information issued by a Grand Jury.

    D. By an indictment issued by a Grand Jury.

12. When I file an Accusatory Instrument I usually have it prepared in one of a number of ways.

    A. I almost always type the Accusatory Instrument myself.

    B. On one or two occasions I have had a secretary in the District Attorney's Office prepare the Accusatory Instrument.

    C. On those one or two occasions a secretary types the Accusatory Instrument the secretary is not applying any discretion. In such situations the secretary is acting as a scrivener, as a typist.

    D. On rare occasions, if I am in Court or in a police station and I determine to initiate a criminal prosecution, which is part of my responsibility/authority as an Assistant District Attorney, I may have, as a matter of convenience, asked a police officer who I knew well and was willing to accommodate me, to type the Accusatory Instrument.

    E. On those rare occasions when a police officer accommodated me by typing an Accusatory Instrument it was done without any discretion on the part of the officer and the police officer was acting as a scrivener, as a typist and not as a police officer.

13. In the instant case, I initially determined it would be appropriate for the District Attorney's Office to consider prosecuting Mr. Barboza notwithstanding that Mr.

3

Barboza might have been able to raise a First Amendment Defense. I did not believe that the charge was absolutely unconstitutional. If I had I would not have presented the charge.

14. I came to that conclusion after reading the document he had sent to the Court and reading the Penal Law. I then spoke with District Attorney Farrell who not only concurred, but who directed me to initiate the prosecution of Plaintiff.

15. I did not conduct any investigation.

16. I did not either confer with Detective D'Agata nor did I have Detective D'Agata conduct any investigation.

17. I did not seek an arrest warrant. There was no purpose in seeking an arrest warrant. Arrest warrants are used to get a prospective defendant into Court. Mr. Barboza was already in court on that day with respect to his speeding charge. However, I should note that during my deposition Plaintiff's counsel kept trying to say that I was seeking an arrest warrant. I kept correcting Plaintiff's counsel. I was filing charges with the court. Again, since Plaintiff was already in court. I was not seeking an arrest warrant.

18. What happened was that I had forgotten the Barboza case was on the Calendar of the Liberty Court that day. I had intended to prepare the Prosecutor's Information in my office and file it with the Court. Had I not forgotten the Barboza case was on the calendar that day I would have prepared a Prosecutor's Information which I would have directly filed with the Court. Detective D'Agata would not have been involved in any way in the initiation of the prosecution.

19. On October 18, 2012, I was in Liberty Court and Plaintiff was present in the Court. I could have asked the Court for some time to return to my office in Monticello to

prepare the Prosecutor's Information and bring it back to Liberty. However, going to Monticello to prepare a Prosecutor's Information would have created a delay in the Court's proceedings. Accordingly, I asked Detective D'Agata, to type the accusatory instrument as an accommodation to me.

20. I have known Detective D'Agata a long time. I felt comfortable asking him for the favor of typing up the document. I WAS NOT acting as his boss. I was not ordering him. He was merely doing me a favor and functioning as a secretary and he understood our respective roles. I was initiating the prosecution. He was not. Detective D'Agata did not have any discretion. I did not ask him for his input. When he typed the accusatory instrument he was acting as a typist, as a scrivener, not as a police officer.

21. If Detective D'Agata had not been present I would have requested a brief recess and would have called my office to dictate what I wanted in the Prosecutor's Information. Either someone from my office would have delivered it to Court or I would have gotten it. There was no other police officer present that day who I knew long enough and well enough to ask for the favor of typing up an accusatory instrument for me.

22. As far as I am concerned the District Attorney's office initiated the prosecution of Mr. Barboza, consistent with the District Attorney's direction to me.

23. I am now informed and believe Detective D'Agata had no prior knowledge of Plaintiff's case.

24. I was initiating a prosecution as a prosecutor and Detective D'Agata was serving as my secretary.

25. At all times in this matter I was acting in an official capacity as an Assistant District Attorney.

26. At no time in this matter was I acting in my individual capacity.

27. At no time did I exceed the scope of my authority as an Assistant District Attorney.

28. I had reviewed the document Barboza sent to the Court and then reviewed the Penal Law. I discussed the matter with the District Attorney. The District Attorney directed that I initiate the prosecution of Plaintiff. If I had not forgotten the Barboza case was on the Court's Calendar that day, I would have prepared a Prosecutor's Information compliant with the District Attorney's directive and would have filed it directly with the Court. The only reason I had to ask Detective D'Agata for the favor of typing the Accusatory Instrument is that I did forget the calendar date.

29. I respectfully submit that all of my actions were the actions of an advocate, actions covered by Absolute Immunity or at least Qualified Immunity and that the Second Amended Complaint should be dismissed as against me.

**WHEREFORE**, I respectfully submit that my Motion for Summary Judgment should be granted, that Plaintiff's Cross-Motion for Summary Judgment should be denied and that the Second Amended Complaint should be dismissed, with prejudice, as against me.

Dated: November 28, 2014
Monticello, NY

_____
Robert L. Zangla
Chief Assistant District Attorney

Sworn to before me this
28th day of November, 2014.

_____
Notary Public

LORI BERTSCH-BRUSTMAN
Notary Public, State of New York
No. 02BE5065981
Qualified in Sullivan County
Commission Expires Sept. 16, 16

6