UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WILLIAM BARBOZA,

      Plaintiff,  ECF Case 13 Civ. 4067
            U.S.D.J. Cathy Seibel
 -against-

VILLAGE OF LIBERTY, DETECTIVE
STEVEN D'AGATA, sued in his
Individual capacity, MELVIN GORR,
sued in his individual capacity, ROBERT
ZANGLA, sued in his individual
capacity,

      Defendants.
------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANT ZANGLA'S MOTION
## FOR SUMMARY JUDGMENT AND TO DISMISS
## AND IN OPPOSITION TO PLAINTIFF'S MOTION
## FOR SUMMARY JUDGEMENT

Samuel S. Yasgur
Sullivan County Attorney
Attorney for Defendant Zangla
100 North Street
Monticello, New York 12701
Office: (845)807-0560
Fax: (845)807-0574
Email: Samuel.Yasgur@co.sullivan.ny.us

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. ii

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................1

STANDARD OF REVIEW.................................................................................................2

ARGUMENT

POINT I

THE SECOND AMENDED COMPLAINT MUST BE
DISMISSED AGAINST DEFENDANT ZANGLA
SINCE HE HAS ABSOLUTE PROSECUTORIAL
IMMUNITY FROM SUIT ..................................................................................................3

POINT II

THE ALLEGATIONS IN THE AMENDED
COMPLAINT MAKE CLEAR THAT
DEFENDANT ZANGLA IS ENTITLED
TO ABSOLUTE PROSECUTORIAL IMMUNITY..........................................................7

POINT III

EVEN IF DEFENDANT ZANGLA DOES NOT
HAVE PROSECUTORIAL IMMUNITY, HE
CLEARLY HAS QUALIFIED IMMUNITY....................................................................10

CONCLUSION..................................................................................................................11

# TABLE OF AUTHORITIES

*Barr v. Abrams*,
810 F.2d 358 (2nd. Cir. 1987)..................................................................3

*Buckley v. Fitzsimmons*,
509 U.S. 259, 113 S. Ct. 2606 (1993).....................................................3, 10

*Imbler v. Pachtman*,
424 U. S. 409, 431, 96 S. Ct. 984 (1976)..................................................3, 5

*Osborne V. County of Seneca*,
2014 U.S. Dist. LEXIS 77473 (2014)........................................................6

*People v. Dixon*,
44 Misc. 3d 1216(A) (Crim. Ct. Cty of N. Y. 2014)....................................10

*Shmueli V. City of New York*,
424 F. 3d 231 (2nd. Cir. 2005)..................................................................6

*Zahrey V. Coffey*,
221 F.3d 342 (2nd Cir. 2000) ...................................................................5

## Preliminary Statement

This Memorandum of Law is submitted on behalf of Defendant Zangla in further support of his Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure (F.R.C.P.), Rule 56 as his Reply to Plaintiff's Response. As set forth initially, it is respectfully submitted that, in the alternative, based on the facts and law submitted by Defendant Zangla, this Court should convert this motion either into a Motion to Dismiss the Amended Complaint pursuant to F.R.C.P., Rules 12(b)(6), 12(c) and 8(a)(2), or, in the alternative, or into a Motion for a Judgment on the Pleadings pursuant to F.R.C.P. Rule 12(c), and dismiss the Amended Complaint with prejudice. This Memorandum is also submitted as Defendant Zangla's Response to Plaintiff's Motion for Summary Judgment.

## Standard of Review:

The Standards of Review of these motions were fully set forth in Defendant Zangla's initial Memorandum of Law in support of his Motions for Summary Judgment and to Dismiss.

ARGUMENT

POINT I

THE SECOND AMENDED COMPLAINT MUST BE
DISMISSED AS AGAINST DEFENDANT
ZANGLA SINCE HE HAS ABSOLUTE
PROSECUTORIAL IMMUNITY FROM SUIT

The Second Amended Complaint states: "Defendant Zangla is an assistant district attorney employed by the Sullivan County District Attorney's Office in Sullivan County, New York". (Second Amended Complaint, Page 2, Paragraph 6.)[1]

It is well established that as an Assistant District Attorney Defendant Zangla had absolute Prosecutorial Immunity from suit for all of his prosecutorial actions, *i.e.* all of the actions which he took as a prosecutorial advocate. The actions taken as a prosecutorial advocate include "…initiating a prosecution…" (*Imbler v. Pachtman,* 424 U. S. 409, 431, 96 S. Ct. 984 (1976)); *Barr v. Abrams,* 810 F.2d 358 (2nd. Cir. 1987)

If Defendant Zangla had engaged in investigative activities he would not have absolute immunity but, depending on the facts, he might enjoy the benefits of qualified immunity for such investigative conduct. (*Buckley v. Fitzsimmons,* 509 U.S. 259, 113 S. Ct. 2606 (1993)) There is no dispute that Defendant Zangla did not engage in investigative activities.

---

[1] Note: The caption states Defendant Zangla is being sued in his individual capacity. It does not state he is being sued in his official capacity as a public official who may have exceeded his authority. That fact was pointed out in Defendant Zangla's initial motion. Plaintiff has not sought to correct that deficiency. That is a material deficiency. Since an action cannot be brought against a private individual under Section 1983 the Complaint must be dismissed against Defendant Zangla for that reason alone.

3

Plaintiff contends that Defendant Zangla exceeded his authority when, according to Plaintiff, he gave orders to a police officer to file charges against Plaintiff. Plaintiff is mistaken.

As is clearly set forth in Defendant Zangla's Declaration dated November 28, 2014, which accompanies this Memo of Law, what actually happened was the following:

A. Defendant Zangla's boss, District Attorney Farrell, read the document in question on which Plaintiff had handwritten his words.

B. Mr. Farrell discussed the document with Defendant Zangla.

C. Both men discussed the fact that if the charge of Aggravated Harassment was filed the Plaintiff could have raised a First Amendment defense.

D. Neither Defendant Zangla nor District Attorney Farrell believed they were precluded from prosecuting Plaintiff.

E. District Attorney Farrell directed that Defendant Zangla initiate a prosecution of Plaintiff.

F. Once the District Attorney gave him that direction it was Defendant Zangla's responsibility to prepare a Prosecutor's Information and initiate the prosecution of Plaintiff.

G. Defendant Zangla clearly states, in a sworn Declaration, that the only reason he did not personally prepare and file the Prosecutor's Information was because he simply forgot the Barboza matter would be on the Court's calendar that day.

H. Moreover, as is clearly set forth in the Zangla Declaration of November 28, 2014, if Detective D'Agata had not been in Court that day, Defendant Zangla would have arranged for a Prosecutor's Information to be prepared in his office in Monticello and would have arranged to obtain the document and file it with the Court.

I. Defendant Zangla makes it clear in his Declaration of November 28, 2014, that his relationship with Detective D'Agata was such that he felt he could ask Detective D'Agata to do him the favor of typing up the accusatory instrument. He also makes it clear that he would not have asked that favor of any other police officer.

Given the foregoing, Defendant Zangla, as instructed by the District Attorney, in fact initiated the prosecution, albeit having Detective D'Agata type up the accusatory instrument as a favor to Defendant Zangla.

It is totally irrelevant whether Defendant Zangla's determination about the charge was mistaken or even imprudent. He is covered by absolute Prosecutorial Immunity. (*Imbler v. Pachtman,* 424 U. S. 409, 431, 96 S. Ct. 984 (1976); *Zahrey V. Coffey,* 221 F. 3d 342 (2nd Cir. 2000);

*Shmueli V. City of New York*, 424 F. 3d 231 (2nd. Cir. 2005); *Osborne V. County of Seneca,* 2014 U.S. Dist. LEXIS 77473 (2014)

## POINT II

### THE ALLEGATIONS IN THE AMENDED COMPLAINT MAKE CLEAR THAT DEFENDANT ZANGLA IS ENTITLED TO ABSOLUTE PROSECUTORIAL IMMUNITY

As set forth in Defendant Zangla's original Memo of Law, the allegations in Second Amended Complaint clearly demonstrate Defendant Zangla has absolute Prosecutorial Immunity and compel dismissal.

The Second Amended Complaint does not make any claim that Defendant Zangla conducted a factual investigation, spoke to potential victims or the like. Rather, the Second Amended Complaint specifically states that: "Zangla, however, failed to take any steps to secure an arrest warrant, conduct a factual investigation, or conduct an independent interview of individuals in the clerk's office who received the payment form". (Second Amended Complaint, Page 5, Paragraph 22, last sentence.) That assertion warrants a dismissal of the Second Amended Complaint since Defendant Zangla would have had Prosecutorial Immunity for any such conduct. However, as stated in the Second Amended Complaint Defendant Zangla did not engage in any such conduct.

There are only three paragraphs in the entirety of the Second Amended Complaint asserting what Defendant Zangla did or is presumed by Plaintiff to have done. Only one Paragraph in dispute, Paragraph 24 which states, in conclusory fashion: "As Defendant Zangla stepped into a role usually played by the police officer…".

7

There is no evidence in the record to support that allegation. While that conclusory assertion in the Second Amended Complaint is vital to Plaintiff's Action, at Defendant Zangla's deposition Plaintiff's counsel never asked Defendant Zangla why he had Detective D'Agata type up the accusatory instrument even though she had a clear opportunity ask the question. The critical portion is:

> "Q.   When you say requested that he file a charge, what do you mean?
>
> "A.   Well, I hadn't brought a charge, and I wasn't going back to Monticello to go back to my office at that point. I was in middle of court. So it took place in the Village of Liberty, so I asked him to draw up an accusatory instrument."

(Zangla deposition, Page 39, Lines 22 – 25 and Page 40, Lines2 – 4)

At that point in the deposition Plaintiff's counsel could have asked Defendant Zangla why he picked Detective D'Agata, why Defendant Zangla did not have an accusatory instrument already prepared and filed with the court, and a host of similar questions. But she did not. At the end of the above quoted answer she had a document marked as an exhibit and went on to a new line of questions.

Defendant Zangla provides the very clear, uncontested answers to the questions Plaintiff's counsel did not ask at the deposition in his Declaration sworn to on November 28, 2014. He unambiguously states that he asked Detective D'Agata to type up the accusatory instrument because: 1) he had forgotten the Baboza case was on the Court's calendar that day, 2) he had been directed by the District Attorney to prosecute Barboza, 3) he had intended to prepare the Prosecutor's Information in his office,  4) if Detective D'Agata had not been there that day he would have had his office prepare the accusatory instrument and get it to him in Liberty,  and 5) the only reason he asked Detective D'Agata to prepare the accusatory instrument was because he

8

knew Detective D'Agata so well that he felt he could ask Detective D'Agata for the favor of typing up an accusatory instrument for him.  In Defendant Zangla's mind Detective D'Agata merely assisted Defendant Zangla to initiate the prosecution by doing the actual typing.

Given the foregoing, Defendant Zangla's conduct was prosecutorial throughout and he is cloaked with prosecutorial immunity.

## POINT III

## EVEN IF DEFENDANT ZANGLA DOES NOT HAVE PROSECUTORIAL IMMUNITY, HE CLEARLY HAS QUALIFIED IMMUNITY

Defendant Zangla clearly states in his Declaration of November 28, 2014 that: 1) he believed Mr. Barboza would have been able to raise the First Amendment as a defense to the Aggravated Harassment charge, 2) he did not believe it would have been unconstitutional to charge Mr. Barboza with Aggravated Harassment, and 3) had he known it would have been an unconstitutional act to charge Mr. Barboza with Aggravated Harassment he would not have brought such a charge against Mr. Barboza. Given those sworn statements, and nothing to the contrary in the record, Defendant Zangla, at the very least, is entitled to the benefit of Qualified Immunity. See, for example, *People v. Dixon*, 44 Misc. 3d 1216(A) (Crim. Ct. Cty of N. Y. 2014).

Qualified immunity turns on whether the state actor, or a reasonable person, would have known that their discretionary conduct violates "… clearly established federal statutory or constitutional rights …". *Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 113 S. Ct. 2606, 2609 (1993)

There is nothing in the entirety of the record to dispute the foregoing statements of Defendant Zangla that while he believed the First Amendment could be raised as a defense by Mr. Barboza he did not believe there was a constitutional bar to charging him with the crime. While Plaintiff did not depose the District Attorney, it is manifest that he had the same understanding of the law since he was the person who directed Defendant Zangla to prefer that specific charge against Mr. Barboza.

Based on the foregoing, at the very least, Defendant Zangla must be accorded the benefit of Qualified Immunity.

## CONCLUSION

It is respectfully submitted that Plaintiff's Second Amended Complaint be dismissed in its entirety against Defendant Robert Zangla.

Dated: November 28, 2014
       Monticello, NY

 

Samuel S. Yasgur (SY-7712)
County Attorney for the County of Sullivan
Attorney for Defendant Robert Zangla
100 North Street, P.O. Box 5012
Monticello, New York 12701
(845) 807-0560