UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
WILLIAN BARBOZA,

                     Plaintiff,

-vs-                                                    13 Civ. 4067 (CS)

VILLAGE OF LIBERTY, DETECTIVE
STEVEN D'AGATA, sued in his individual
capacity, MELVIN GORR sued in his
individual capacity, and ROBERT ZANGLA,
sued in his individual capacity,

                     Defendants.
-------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
MOTION PURSUANT TO FRCP 54(b) FOR ENTRY OF JUDGMENT ON
HIS CLAIMS AGAINST DEFENDANTS STEVEN D'AGATA AND MELVIN GORR**

JORDAN WELLS
MARIKO HIROSE
CHRISTOPHER DUNN
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
Fax: (212) 607-3318

STEPHEN BERGSTEIN
BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
Tel: (845) 469-1277
Fax: (845) 469-5904

*Counsel for Plaintiff*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ..............................................................................................1

PROCEDURAL BACKGROUND.........................................................................................1

ARGUMENT.........................................................................................................................3

CONCLUSION......................................................................................................................6

## PRELIMINARY STATEMENT

The plaintiff files this motion to request that the Court enter judgment under Federal Rule of Civil Procedure 54(b) in favor of defendants Steven D'Agata and Melvin Gorr, the officers who arrested the plaintiff for constitutionally protected speech. In its summary judgment decision, the Court found that these officers violated clearly established law in arresting the plaintiff but nevertheless were entitled to qualified immunity, because they followed the direction of their co-defendant, then Assistant District Attorney Robert Zangla. Zangla is appealing the Court's ruling that he is not entitled to absolute and qualified immunity, and granting the plaintiff's motion therefore would allow the plaintiff to pursue a concurrent appeal. This would further the goal of sound judicial administration embodied in Rule 54(b) by enabling the Second Circuit to consider these related issues together, while the separable claim of municipal liability against defendant Village of Liberty—involving legal and factual disputes that are distinct from the overlapping immunity issues—remains with this Court.

## PROCEDURAL BACKGROUND

This action arises from plaintiff Willian Barboza's arrest—performed by defendant officers Steven D'Agata and Melvin Gorr and directed by defendant Assistant District Attorney Robert Zangla—for expressing frustration on a traffic ticket correspondence using constitutionally protected language. In seeking to vindicate his constitutional rights, the plaintiff sued officers D'Agata and Gorr, Assistant District Attorney Zangla, and the Village of Liberty. *See* Second Am. Compl., dated Mar. 18, 2014 (ECF 35). At summary judgment, D'Agata and Gorr defended on the basis that they were entitled to qualified immunity, *see* Mem. of Law in Supp. of Mot., dated Aug. 1, 2014 (ECF 61); Zangla defended on the basis that he was entitled to absolute immunity and qualified immunity, *see* Mem. of Law in Supp. of Def. Zangla's Mot. for

1

Summ. J. and to Dismiss and in Opp'n to Pl.'s Mot. for Summ. J., dated Nov. 28, 2014 (ECF 77), and the Village of Liberty primarily argued that the plaintiff did not set forth adequate disputed facts for trial on its liability for failure to train its officers, *see* Mem. of Law in Supp. of Mot., dated Aug. 1, 2014 (ECF 61).

On September 10, 2015, the Court ruled on the parties' cross-motions for summary judgment, deciding that D'Agata and Gorr are not liable for the arrest because of qualified immunity, that Zangla is liable despite his claims of immunity, and that the claim against the Village must proceed to trial. The Court found that each of the individual defendants violated the plaintiff's clearly established right not to be arrested for this expression of frustration. Unofficial Transcript of Decision, dated Sept. 10, 2015 (hereinafter "Tr.") at 11:9-15; 22:16-21, attached as Exhibit A to Declaration of Jordan Wells. The Court found that this defeated Zangla's qualified immunity claim and that his absolute immunity claim also failed because he participated in a warrantless arrest which is a traditional police function. Tr. at 20:21-21:6, 22:16-21. The Court ruled, however, that despite having violated the plaintiff's clearly established rights, the arresting officers were entitled to qualified immunity precisely because Zangla's participation in the arrest, and in particular his instructions to make the arrest, made the officers' actions objectively reasonable. Tr. at 14:20-22, 16:18-22. The Court further held that the claim for *Monell* liability against the Village of Liberty must proceed to a jury on the issues of whether there existed a pattern of similar constitutional violations that put the Village on notice of the need for training, whether the need for training was patently obvious, and whether the alleged training deficiency actually caused the deprivation of the plaintiff's constitutional rights. Tr. at 33:20-24.

Following the Court's entry of the summary judgment order on October 2, 2015 (ECF 91), Zangla filed a notice of interlocutory appeal as of right to the Second Circuit, disputing the

denial of absolute and qualified immunity. Notice of Interlocutory Appeal, dated Oct. 2, 2015 (ECF 92), attached as Exhibit B to Declaration of Jordan Wells. The plaintiff now moves for this Court to certify a judgment on his claims against the arresting officers so that the Second Circuit may consider all of the individual defendants' claims in a single appeal.

## ARGUMENT

The Court should grant the plaintiff's request for judgment on his claims against defendants D'Agata and Gorr under Federal Rule of Civil Procedure 54(b), which permits a district court to certify a judgment where three requirements are met: "(1) [T]here are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is an express determination that there is no just reason for delay." *Transp. Workers Union of Am., Local 100 v. N.Y. City Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007). District courts "making the 'express determination' required under Rule 54(b) . . . should not merely repeat the formulaic language of the rule, but rather should offer a brief, reasoned explanation." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991).

Here, a reasoned explanation readily presents itself. The first two requirements are satisfied, as the plaintiff has brought claims against multiple parties, and his claim against arresting officers D'Agata and Gorr were disposed of by the Court's October 2 order granting qualified immunity to them. *See Swarna v. Al-Awadi*, No. 06 CIV. 4880 (PKC), 2009 WL 2190192, at *1-2 (S.D.N.Y. July 22, 2009) (finding first two requirements of Rule 54(b) satisfied where party for whom judgment is sought has been found immune from liability). And, as described below, there is no just reason to delay entry of final judgment in the officers' favor; to the contrary, entering judgment now would enable the plaintiff to pursue an appeal concurrently with defendant Zangla's interlocutory appeal involving interrelated facts and legal issues.

Several reasons favor the determination that there is no just reason for delay. First, in determining pursuant to Rule 54(b) whether just reasons exist to delay the entry of individual final judgments, courts must "assure that application of the Rule effectively preserves the historic federal policy against piecemeal appeals." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980). Here, there is no danger that permitting an immediate appeal of the qualified immunity decision in favor of the officers would exacerbate the issue of piecemeal appeals, as Zangla already is pursuing an appeal as of right arising from the same facts as the plaintiff's claim against the arresting officers. *Cf. Swarna*, 2009 WL 2190192, at *2 (where defendant State of Kuwait had been granted sovereign immunity, individual defendants' interlocutory appeal from denial of diplomatic immunity was pending, and parties' arguments regarding immunities were interrelated, granting motion for judgment under Rule 54(b) in favor of Kuwait to further policy against piecemeal appeals); *see also Swarna v. Al-Awadi,* 622 F.3d 123 (2d Cir. 2010) (deciding consolidated appeals in *Swarna* together). Indeed, it would further the policy against piecemeal appeals to enable the Second Circuit to consider Zangla's claim of immunity simultaneously with the plaintiff's arguments regarding the officers' claim of immunity. By contrast, if the two appeals were to be decided separately, it would create the danger of a panel deciding Zangla's liability without fully considering the import of this holding for a later panel's consideration of the officers' liability arising out of the same set of facts—a danger that would be alleviated by permitting an immediate appeal.

Second, it is more logical for the plaintiff's claims against the officers to be reviewed in tandem with Zangla's appeal, which raises closely related legal questions based on the same set of undisputed facts, than to be delayed while awaiting the adjudication of the *Monell* claim against the Village, which presents distinct factual and legal questions. *See Curtiss*, 446 U.S. at 8

(holding that it was proper to consider "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals"); *see also Hudson River Sloop Clearwater, Inc. v. Dep't. of Navy*, 891 F.2d 414, 419 (2d Cir. 1989) (holding that Rule 54(b) certification was appropriate where district court explained that "certified claims were easily separated from those remaining"); *Fletcher v. Marino*, 882 F.2d 605, 610 (2d Cir. 1989) (same, where severed claims were "independent" from those left undecided). The claims against the officers and against Zangla raise issues of whether the arrest of the plaintiff violated his clearly established rights based on extant law and whether the defendants are nonetheless entitled to immunity, whereas the *Monell* claim does not involve an inquiry into clearly established law or any immunity issues. *See, e.g., Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013) ("[T]he entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is . . . irrelevant to the liability of the municipality. Qualified immunity is a defense available only to individuals sued in their individual capacity.") (citing *Owen v. City of Independence*, 445 U.S. 622, 657 (1980)).

As the Court identified in its decision from the bench, the central issues to be tried are unrelated to the officers' qualified immunity claim: whether there existed a pattern of similar constitutional violations that put the Village on notice of the need for training, whether the need for training was patently obvious, and whether the alleged training deficiency actually caused the deprivation of the plaintiff's constitutional rights. Tr. at 33:20-24. Thus, any future appeal related to the Village's liability will not duplicate appellate review of the issues presented by the plaintiff's appeal against the officers.

Finally, even if there were a possibility that the Second Circuit would confront some of "the same issues on a subsequent appeal" related to the *Monell* claim, *Curtiss* explains that certification might nonetheless be appropriate if "appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." 446 U.S. at 8 n.2. Here, obtaining a Second Circuit ruling on liability against the officers at the same time as a ruling on liability against Zangla is likely to improve the likelihood of settlement of the whole case by resolving major disputed legal issues. In sum, the circumstances of this case are such that there is no just reason to delay entry of judgment on the plaintiff's fully determined claim against the officers.

## CONCLUSION

For all of the foregoing reasons, the Court should grant the plaintiff's motion to enter judgment pursuant to Federal Rule of Civil Procedure 54(b) in favor of defendants D'Agata and Gorr and expressly determine that there is no just reason for delaying entry of such judgment.

Dated:   October 16, 2015                                              Respectfully submitted,

                                                          _____ s/ Jordan Wells_____
                                                          JORDAN WELLS
                                                          MARIKO HIROSE
                                                          CHRISTOPHER DUNN
                                        NEW YORK CIVIL LIBERTIES UNION FOUNDATION
                                                          125 Broad Street, 19th Floor
                                                          New York, N.Y. 10004
                                                          Tel: (212) 607-3300
                                                          Fax: (212) 607-3318

                                                          STEPHEN BERGSTEIN
                                                          BERGSTEIN & ULLRICH, LLP
                                                          15 Railroad Avenue
                                                          Chester, New York 10918
                                                          Tel: (845) 469-1277
                                                          Fax: (845) 469-5904

                                                          *Counsel for Plaintiff*