UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILLIAN BARBOZA,

              Plaintiff,

-vs-
                                       13 Civ. 4067 (CS)

VILLAGE OF LIBERTY, STEVEN
D'AGATA, sued in his individual
capacity, MELVIN GORR sued in his
individual capacity, and ROBERT ZANGLA,
sued in his individual capacity,

              Defendants.
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT VILLAGE OF LIBERTY'S MOTION FOR
CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**

JORDAN WELLS
MARIKO HIROSE
CHRISTOPHER DUNN
NEW YORK CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 19th Floor
New York, N.Y. 10004
Tel: (212) 607-3300
Fax: (212) 607-3318

STEPHEN BERGSTEIN
BERGSTEIN & ULLRICH, LLP
15 Railroad Avenue
Chester, New York 10918
Tel: (845) 469-1277
Fax: (845) 469-5904

*Counsel for Plaintiff*

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................................1

PROCEDURAL BACKGROUND.............................................................................................1

ARGUMENT ..............................................................................................................................2

    I.    THE VILLAGE HAS NOT MET ITS BURDEN TO ESTABLISH THE
        STATUTORY CRITERIA FOR § 1292(b) CERTIFICATION.............................2

    II.   THE VILLAGE HAS NOT PRESENTED EXCEPTIONAL
        CIRCUMSTANCES THAT WOULD JUSTIFY § 1292(b)
        CERTIFICATION EVEN IF THE STATUTORY CRITERIA WERE
        MET. ........................................................................................................................4

CONCLUSION.............................................................................................................................5

## INTRODUCTION

The Court should deny defendant Village of Liberty's motion for certification pursuant to 28 U.S.C. § 1292(b), as the Village has not shown how the Court's denial of summary judgment on the plaintiff's *Monell* claim meets the § 1292(b) requirement that a certifiable order "involve[] a controlling question of law as to which there is substantial ground for difference of opinion." Moreover, even if the Village had met the statutory criteria, which it has not, this is not a rare case in which the Court should exercise its discretion to certify an order for interlocutory appeal. Granting the Village's motion would imply that any denial of summary judgment on the basis of disputed, material facts should be immediately appealable, contrary to § 1292(b)'s strict limitation. Since, as the Court recognized in its summary judgment ruling, the plaintiff's *Monell* claim involves deeply factual issues, it should deny the Village's motion.

## PROCEDURAL BACKGROUND

This First and Fourth Amendment case arises out of Village of Liberty police officers' false arrest of plaintiff for constitutionally protected expression. On September 10, 2015, the Court issued a decision on the parties' motions for summary judgment, which in part denied defendant Village of Liberty's motion for summary judgment on plaintiff's *Monell* claim. (Tr. of Decision, dated Sept. 10, 2015 (hereinafter "Tr.") 31:3-18, 33:3-16).[1] Specifically, the Court determined that triable issues of fact existed on plaintiff's claim against the Village as to whether (1) there was a custom or pattern of similar constitutional violations that put the Village on

---

[1] In the same decision, the Court granted the plaintiff's summary judgment motion against defendant Robert Zangla, the prosecutor who ordered the arrest, and granted the summary judgment motions of defendants Steven D'Agata and Melvin Gorr, the arresting officers. (Tr. 18:11-12, 25:7-10). The summary judgment decisions against those defendants turned on issues of immunity. Zangla has filed an appeal from the Court's ruling, and the plaintiff has sought entry of judgment in favor of D'Agata and Gorr pursuant to Rule 54(b), so that the Second Circuit may consider the related immunity issues in concurrent appeals.

notice of the need to train its officers on First Amendment issues, (2) the violation of the

plaintiff's constitutional rights was a "highly predictable consequence[]" of the Village's failure

to train its officers, and (3) this failure to train caused deprivation of the plaintiff's constitutional

rights. (Tr. 31:3-18, 33:3-13). The Village seeks permission to pursue an interlocutory appeal

now on "the finding that the plaintiff adduced sufficient proof to establish a triable question of

fact on his claim for 'failure to train.'" (Aff. of Adam L. Rodd ("Rodd Aff.") ¶ 9 (ECF 98)).

## ARGUMENT

**I.    THE VILLAGE HAS NOT MET ITS BURDEN TO ESTABLISH THE
STATUTORY CRITERIA FOR § 1292(b) CERTIFICATION.**

The Village fails to address in any detail the statutory requirement that certifiable orders

"involve[] a controlling question of law as to which there is substantial ground for difference of

opinion." 28 U.S.C. § 1292(b); *see Casey v. Long Island R.R. Co.*, 406 F.3d 142, 146 (2d Cir.

2005) (noting that § 1292(b) establishes "substantive requirements on a would-be appellant").[2]

As described below, the Village cannot meet this standard for two reasons.

First, the Village cannot identify any "controlling question of law." *Casey*, 406 F.3d at

145-46. A question of law for this purpose must be a "pure" legal issue that the reviewing court

can resolve "quickly and cleanly without having to study the record." *Mills v. Everest Reins. Co.*,

771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009). The question that the Court resolved at summary

---

[2] Another statutory requirement that must be satisfied is "that an immediate appeal from the order
may materially advance the ultimate termination of the litigation." *Casey*, 406 F.3d at 145-46.
Here, while an appeal potentially could "advance the . . . litigation," in that a reversal of the
Court's order as to the Village may obviate the need for trial, this alone does not warrant
certification. *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir. 1991)
("[T]he federal scheme does not provide for an immediate appeal solely on the ground that such
an appeal may advance the proceedings in the district court.") (citing *Chappell & Co. v. Frankel*,
367 F.2d 197, 200 n.4 (2d Cir. 1966)); *Mills v. Everest Reins. Co.*, 772 F. Supp. 2d 270, 275
(S.D.N.Y. 2009) (denying motion for certificate of appealability, noting that "time savings is not
the only aim of section 1292(b)").

judgment with respect to the Village was not a pure question of law that could be resolved

without poring over the record, but a mixed question of law and fact about whether the plaintiff

has presented sufficient disputed facts to submit his *Monell* claim to the jury. This is precisely

the type of question that the Second Circuit and other courts have explained is not appropriate for

§ 1292(b) certification. *See Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir.

1991) (stating that § 1292(b) certification is not permitted where controlling issues are

"questions as to whether genuine issues of material fact remain to be tried"); *see also, e.g.*,

*McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1259 (11th Cir. 2004) ("The antithesis of a proper

§ 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the

district court properly applied settled law to the facts or evidence of a particular case.");

*Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.2d 674, 676-77 (7th Cir. 2000) ("A denial of

summary judgment is a paradigmatic example of an interlocutory order that normally is not

appealable."); *Mills*, 772 F. Supp. 2d at 275-76 (rejecting application for § 1292(b) certification

for mixed questions of law and fact); *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d

369, 372 (S.D.N.Y. 2008) (same).

Second, even if the Village could identify a controlling question of law, it has not shown

there are substantial grounds for difference of opinion, namely "that (1) there is conflicting

authority on an issue or (2) the case is particularly difficult and of first impression within this

Circuit." *Mills*, 771 F. Supp. 2d at 273-74. The Village does not dispute the Court's articulation

of the *Monell* standard of liability: it agrees, as it must, that under controlling precedent a

plaintiff may prevail on a *Monell* claim by showing "a pattern of similar constitutional violations

by untrained employees of the municipality" or, in certain circumstances, through a "single

incident" in which the failure to train led to the "highly predictable" consequence of a

3

constitutional violation. (Rodd Aff. ¶¶ 10-12.) The Village's disagreement with the Court's application of this precedent to the facts here, (*id.* ¶¶ 7, 9, 16), is inadequate to turn a routine summary judgment denial into a legal issue on which there are "substantial grounds for difference of opinion." *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 530 (S.D.N.Y. 2014) (stating that motion for certification under § 1292(b) is not intended as "second bite at the apple" or opportunity to reargue issues court already considered and rejected) (quoting *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004)).

At bottom, the Village's § 1292(b) certification motion is no more than a motion to reargue the summary judgment motion that it lost. The Village's disagreement with the Court's summary judgment denial is inadequate to meet the statutory criteria for § 1292(b) certification.

## II.    THE VILLAGE HAS NOT PRESENTED EXCEPTIONAL CIRCUMSTANCES THAT WOULD JUSTIFY § 1292(b) CERTIFICATION EVEN IF THE STATUTORY CRITERIA WERE MET.

Even if the Village could meet the statutory criteria—and it has not, for the reasons discussed above—the Court should not exercise its discretion to certify this order for appeal. *See In re Facebook*, 986 F. Supp. 2d at 530 ("Even where the . . . legislative criteria of section 1292(b) appear to be met, district courts retain 'unfettered discretion to deny certification' if other factors counsel against it.") (quoting *Transp. Workers Union of Am. Local 100 v. N.Y.C. Transit Auth.*, 358 F. Supp. 2d 347, 351 (S.D.N.Y. 2005)). The Second Circuit has "urge[d] the district courts to exercise great care in making a § 1292(b) certification," *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992), as such certification should be a "rare exception to the final judgment rule that generally prohibits piecemeal appeals," *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) (noting that only eight § 1292(b) motions for leave to appeal were granted by the Second Circuit in 1994 and 1995); *see also, e.g.*,

*In re Facebook*, 986 F. Supp. 2d at 530 (noting that "interlocutory appeals are strongly disfavored in federal practice" and that district courts must ensure that § 1292(b) is "strictly construed") (internal quotation marks omitted); *Mills*, 771 F. Supp. 2d at 273 ("Leave to appeal under section 1292(b) is warranted only in exceptional circumstances . . . .") (internal quotation marks omitted).

The denial of the Village's summary judgment motion is not the type of extraordinary order that Congress intended should be subject to interlocutory appeal. The issues to be tried are discrete and well-defined, so there is no "protracted litigation" to avoid. *See Koehler*, 101 F.3d at 865-66 ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation.") (describing legislative history). Moreover, the plaintiff's *Monell* claim would be in a more readily reviewable posture for appeal after disputed issues have been determined at trial. *See Maryland Cas. Co. v. W.R. Grace & Co.*, 128 F.3d 794, 797-98 (2d Cir. 1997) (dismissing interlocutory appeal from denial of summary judgment because trial would resolve disputes and sharpen outstanding issues). Thus, even if the Village's motion met the statutory requirements of § 1292(b), the Court should not exercise its discretion to certify its denial of summary judgment for appeal.[3]

## CONCLUSION

For the foregoing reasons, the Court should deny defendant Village of Liberty's motion for certification pursuant to 28 U.S.C. § 1292(b).

---

[3] The Village offers no support for its invocation of prejudice if the Second Circuit resolves the individual defendants' immunity claims without reviewing the denial of the Village's summary judgment motion. (Rodd Aff. ¶ 7.) The individual defendants' entitlement to immunity, a pure legal question based on undisputed facts, has no bearing on the Village's contention that the plaintiff failed to adduce enough evidence to submit the *Monell* claim to a jury. *See Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013) ("[T]he entitlement of the individual municipal actors to qualified immunity [is] . . . irrelevant to the liability of the municipality.").

Dated:   November 6, 2015                                    Respectfully submitted,

                                                                  s/ Jordan Wells
                                                              JORDAN WELLS
                                                             MARIKO HIROSE
                                                           CHRISTOPHER DUNN
                                        NEW YORK CIVIL LIBERTIES UNION FOUNDATION
                                                          125 Broad Street, 19th Floor
                                                             New York, N.Y. 10004
                                                              Tel: (212) 607-3300
                                                              Fax: (212) 607-3318


                                                           STEPHEN BERGSTEIN
                                                        BERGSTEIN & ULLRICH, LLP
                                                            15 Railroad Avenue
                                                          Chester, New York 10918
                                                             Tel: (845) 469-1277
                                                             Fax: (845) 469-5904


                                                            *Counsel for Plaintiff*