UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAN BARBOZA,

                        Plaintiff,

   -against-

VILLAGE OF LIBERTY;
STEVEN D'AGATA, sued in his individual capacity;
MELVIN GORR, sued in his individual capacity,
ROBERT ZANGLA, sued in his individual capacity,

                      Defendants.
------------------------------------------------------------------X

HON. CATHY SEIBEL

**MEMORANDUM OF LAW**

Case No.: 13 CIV 4067(CS)

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO ENTER JUDGMENT AGAINST DEFENDANTS D'AGATA AND GORR PURSUANT TO FRCP 54(b)

Yours, etc.,

DRAKE LOEB, PLLC
*Attorneys for Defendants,*
*VILLAGE OF LIBERTY, STEVEN*
*D'AGATA AND MELVIN GORR*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

Of Counsel:

ADAM L. RODD

## **TABLE OF CONTENTS**

Page

TABLE OF CASES AND AUTHORITIES……………………………………………..i-ii

ARGUMENT:

I.    PRELIMINARY STATEMENT……………………………..…………………2

II.   THE PLAINTIFF'S MOTION TO ENTER A FINAL JUDGMENT AS TO
      D'AGATA AND GORR, PURSUANT TO FRCP RULE 54(b), SHOULD
      BE DENIED……………………………………………………..…………..3

CONCLUSION……………………………………………………………………7

## TABLE OF CASES & AUTHORITIES

Cases:

City of New York v. Milhelm Attea & Bros., 2012 WL 4959502, at 3 (E.D.N.Y. 2012)

Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980)

Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)

Dale v. Kelley, 908 F. Supp. 125, 137-38 (W.D.N.Y. 1995)

Davis v. City of New York, 373 F. Supp. 2d 322, 339 (S.D.N.Y. 2005)

Gov't Employees Ins. Co. v. Park Slope Med. & Surgical Supply, Inc., 2013 WL 5209415, at 5 (E.D.N.Y. 2013)

Harriscom Svenska AB v. Harris Corp., 947 F.2d 627 (2d Cir. 1991)

Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992)

Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011)

O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 43 (2d Cir. 2003)


Statutes:

FRCP Rule 54(b)
Penal Law §240.30

DRAKE LOEB PLLC
555 Hudson Valley Avenue, Suite 100, New Windsor, New York 12553
Phone: 845-561-0550

I.  PRELIMINARY STATEMENT

The plaintiff in this action, William Barboza, claims that his October 18, 2012 arrest for violating the provisions of New York's Aggravated Harassment statute (Penal Law §240.30) violated his free speech rights protected under the First Amendment. In accordance with the parties' motions and cross-motions for summary judgment, this Court rendered a Bench Decision on September 10, 2015, and a later Order on October 2, 2015, which memorialized the Bench Decision's holdings. See, Exhibits "A" and "B," respectively.[1] The Bench Decision and Order determined that: (a) Assistant District Attorney Zangla was liable for his role in directing the arrest at issue, and not otherwise entitled to absolute or qualified immunity; (b) a question of fact existed as to the Village of Liberty's "Monell" liability for the subject arrest pursuant to the plaintiff's "failure to train" claim; and (c) Detective D'Agata and Officer Gorr were entitled to qualified immunity under the facts of this case.

Assistant District Attorney Zangla (hereinafter "Zangla"), who had sought summary judgment on the basis of both absolute and qualified immunity, appealed from this Court's October 2, 2015 Order which denied his motion, and granted the plaintiff's cross-motion, on the issue of his liability. See, Exhibit "C." The plaintiff's claims against Zangla and the Village of Liberty otherwise remain viable, and there has been no final judgment adjudicating the rights and liabilities of *all* parties. Despite this, the plaintiff seeks to enter a final judgment as to D'Agata and Gorr, pursuant to FRCP Rule 54(b), to allow him to appeal from this Court's Order granting these individuals summary judgment. For the reasons indicated below, the plaintiff's motion should be denied.

---

[1] The Exhibits referred to herein are annexed to the accompanying Attorney's Declaration.

II.  THE PLAINTIFF'S MOTION TO ENTER A FINAL JUDGMENT AS TO D'AGATA AND GORR, PURSUANT TO FRCP RULE 54(b), SHOULD BE DENIED

The courts have recognized that there is a "historic federal policy against piecemeal appeals." Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980) (internal quotation and citation omitted). In this regard, the general rule is that in the federal district courts, the entry of a final judgment is appropriate "only after all claims have been adjudicated." Novick v. AXA Network, LLC, 642 F.3d 304, 310 (2d Cir. 2011)(internal citation omitted).

FRCP Rule 54(b) is a limited exception to the above-stated rule. By its terms, FRCP Rule 54(b) provides, in pertinent part, as follows:

"When an action presents more than one claim for relief…or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

The Second Circuit has indicated that a court's entry of a final judgment against less than all parties involved in a particular litigation is a procedure that should be exercised sparingly, and only in rare circumstances. Novick v. AXA Network, LLC, 642 F.3d 304 (2d Cir. 2011); Harriscom Svenska AB v. Harris Corp., 947 F.2d 627 (2d Cir. 1991)(court's power to enter final judgment on fewer than all claims in action before entire case is concluded, thereby permitting aggrieved party to take immediate appeal, must be exercised sparingly); Gov't Employees Ins. Co. v. Park Slope Med. & Surgical Supply, Inc., 2013 WL 5209415, at 5 (E.D.N.Y. 2013)("The Second Circuit has counseled… that the historic policy against piecemeal appeals requires that the court's power to enter such a final judgment before the entire case is concluded … be exercised sparingly.")(internal citations and quotations omitted). In this regard, the entry of a final

judgment as to fewer than all remaining parties in a lawsuit is reserved for "the infrequent harsh case," where "there exists "some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Cullen v. Margiotta, 618 F.2d 226, 228 (2d Cir. 1980).

Here, there is hardly any sort of "danger of hardship or injustice" to the plaintiff by adhering to the policy against piecemeal appeals, and the plaintiff has pointed to none. In this case, it is undisputed that the plaintiff has presently viable claims against both the Village of Liberty and Zangla, which are available to be adjudicated at trial. The fact that summary judgment has been granted in favor of some, but not all defendants, is of course a common feature of numerous Section 1983 lawsuits where a plaintiff chooses to name several law enforcement officials, and does not represent the type of "unique" or "infrequent" situation justifying a departure from the general principle that a final judgment should *only* be issued after *all* claims are adjudicated. And as applied here, it is clear that the fact that the plaintiff is presently precluded from appealing from the grant of summary judgment to D'Agata and Gorr plainly does not amount to a colorable claim of "hardship or injustice" - since the plaintiff can clearly be made whole by a recovery on his claims against the remaining defendants, which said claims remain viable. City of New York v. Milhelm Attea & Bros., 2012 WL 4959502, at 3 (E.D.N.Y. 2012)(where party failed to articulate any unusual hardship or injustice by having to await, in accordance with normal federal practice, the disposition of the entire case before obtaining appellate review, request for Rule 54[b] certification appropriately denied).

In any event, the plaintiff's core contention - that allowing for a certification of a final judgment against D'Agata and Gorr would further "the goal of sound judicial

administration" – is without merit, and cannot withstand close scrutiny. The plaintiff's primary argument is that because Zangla's pending appeal, and the grant of summary judgment to D'Agata and Gorr, both involved issues pertaining to immunity from suit, they constituted "related issues," thus supporting the grant of a Rule 54(b) certification. The issues involving Zangla's immunity from suit, however, are notably different from those which supported the grant of summary judgment to D'Agata and Gorr.

At the outset, Zangla sought summary judgment on the basis of, inter alia, absolute prosecutorial immunity. This issue, however, which will be the subject of Zangla's appeal, was *not* of course implicated, in any way, in the grant of summary judgment to D'Agata and Gorr. Because the scope and applicability of absolute immunity to a prosecutor is analytically distinct from the issue of the scope and applicability of qualified immunity to a lay police officer, the immunity issues pertaining to Zangla on the one hand, and D'Agata and Gorr on the other, are distinct and separable, and do not support the plaintiff's claim of common legal issues to be addressed on appeal. See, Davis v. City of New York, 373 F. Supp. 2d 322, 339 (S.D.N.Y. 2005)("The distinction between absolute and qualified immunity is important as it is the difference between the state claim standing or falling").

Indeed, the roles and functions undertaken by Zangla on the one hand, and D'Agata and Gorr on the other, with respect to the subject arrest, were clearly separable and distinct. Zangla was the attorney and prosecutor who determined (*prior* to the arrest) that the plaintiff's conduct supported a charge under the Aggravated Harassment statute, and who then directed the plaintiff's arrest when the plaintiff appeared in the Town of Liberty Justice Court for a calendar call. D'Agata and Gorr, on the other hand, were

simply the lay officers who happened to be assigned to this Justice Court to provide security staffing at the time of the calendar call, and who merely complied with Zangla's contemporaneous directive to arrest the plaintiff when his case was called.

Moreover, a key component of D'Agata and Gorr's entitlement to qualified immunity stems from their justifiable reliance on the advice and directives given by Zangla. This Court's Bench Decision, and numerous other decisions within this Circuit, have found that qualified immunity is afforded to a police officer in circumstances where he relies in good faith on the advice and directives of counsel. Exhibit "A," at pp. 17 to 18; see also, Dale v. Kelley, 908 F. Supp. 125, 137-38 (W.D.N.Y. 1995) (noting that police officers must be able to rely on advice of prosecutors, and holding that defendant was entitled to qualified immunity where he was "acting at the direction of an Assistant District Attorney"), aff'd, 95 F.3d 2 (2d Cir. 1996). This "advice of counsel" component of D'Agata and Gorr's qualified immunity defense is of course not a part of Zangla's defense, and thus not an issue that will be a part of Zangla's appeal. To the extent this is so, by permitting a Rule 54(b) final judgment to be entered as to D'Agata and Gorr - to enable the plaintiff to take an appeal from their dismissal - the Court of Appeals will then be tasked with deciding *additional* issues that are undeniably separate and independent from those to be raised by Zangla. This, however, is a result that would be plainly contrary to the overall policy of preventing piecemeal appeals until such time as *all* claims have been adjudicated. See, Hogan v. Consol. Rail Corp., 961 F.2d 1021, 1026 (2d Cir. 1992)("…absent any special circumstances indicating that adherence to the normal and federally preferred practice of postponing appeal until after a final judgment has been entered, disposing of all the claims of all the parties, will cause unusual hardship

or work an injustice, the district court's preference to have pretrial appellate review of its assessment of the sufficiency of the evidence to support a given claim is an improper basis for entry of an immediate partial final judgment").

In short, because the roles and functions of Zangla on the one hand, and D'Agata and Gorr on the other, are plainly different, and involve separate immunity analyses, there is no actual substantive merit to the claim that permitting the entry of a final judgment against D'Agata and Gorr will promote judicial economy, or otherwise facilitate an appeal of a single common issue. See, O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 43 (2d Cir. 2003)("…the simple fact that part of the case is immediately appealable is not a sufficient reason to enter a Rule 54(b) judgment as to another part"). The plaintiff's motion should therefore be denied.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the plaintiff's motion to enter a final judgment as to D'Agata and Gorr, pursuant to FRCP Rule 54(b), should be denied.

Dated: New Windsor, New York
November 6, 2015

Yours, etc.,

DRAKE LOEB, PLLC

By: /s/ Adam Rodd
ADAM L. RODD (AR-3484)
*Attorneys for Defendants,*
VILLAGE OF LIBERTY, STEVEN D'AGATA AND MELVIN GORR
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550