UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
WILLIAN BARBOZA,

                Plaintiff,

  -against-

VILLAGE OF LIBERTY;
STEVEN D'AGATA, sued in his individual capacity;
MELVIN GORR, sued in his individual capacity,
ROBERT ZANGLA, sued in his individual capacity,

                Defendants.
------------------------------------------------------------------X

HON. CATHY SEIBEL

**MEMORANDUM OF LAW**

Case No.: 13 CIV 4067(CS)

## MEMORANDUM OF LAW IN REPLY TO OPPOSITION TO MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. §1292(b)

Yours, etc.,

DRAKE LOEB, PLLC
*Attorneys for Defendants,*
*VILLAGE OF LIBERTY, STEVEN*
*D'AGATA AND MELVIN GORR*
555 Hudson Valley Avenue
Suite 100
New Windsor, New York 12553
Tel. No.: (845) 561-0550

Of Counsel:

ADAM L. RODD

I.  THE VILLAGE'S MOTION FOR CERTIFICATION UNDER 28 U.S.C. §1292(b) IS APPROPRIATE IN THIS CASE

The defendant, the Village of Liberty (hereinafter the "Village"), has moved this Court to certify for appeal the denial of the its motion for summary judgment pursuant to 28 U.S.C. §1292(b). Also pending before this Court is the plaintiff's motion to permit him to enter a final judgment against the co-defendants, Steven D'Agata and Melvin Gorr, pursuant to FRCP Rule 54(b), so as to enable him to appeal from this Court's September 10, 2015 Decision granting them summary judgment. The plaintiff, while arguing that an appeal from this Court's Decision in favor of D'Agata and Gorr is appropriate under FRCP Rule 54(b), opposes the Village's motion to certify its request to appeal under 28 U.S.C. §1292(b).

Pursuant to 28 U.S.C. §1292(b), a certification for appeal is appropriate where a district judge finds that the order sought to be appealed from "involves a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation." Here, it is respectfully submitted that the Decision denying the Village's motion for summary judgment meets the criteria set forth in this statute.

The plaintiff's *Monell* claim against the Village is limited to his claim that there was a failure on the Village's part to train its officers on the scope and limitations of New York's Aggravated Harassment statute (Penal Law §240.30), and that this alleged failure to train, in turn, *caused* the subject October 18, 2012 arrest of the plaintiff.

The United States Supreme Court has recognized that "(a) municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Connick v. Thompson, 131 S.Ct. 1350, 1359, 179 L.Ed.2d 417 (2011).

A "failure to train" claim is viable only where a plaintiff can show that the municipality was "deliberately indifferent" to the rights of those citizens whom the police interact with. Canton v. Harris, 489 U.S. 378, 109 S.Ct. 1197 (1989). The "deliberate indifference" standard is a stringent measure of fault, and will be met only where it is shown that the municipality's policymakers were in fact placed "on actual or constructive notice that a particular omission in their training program causes (municipal) employees to violate citizens' constitutional rights." Connick, 131 S.Ct. at 1360.

Here, even assuming all facts put forward by the plaintiff are accepted as true, there is no showing that any Village policymakers knew or should have known that the lack of training regarding the scope and limits of Penal Law §240.30 ever caused any person's constitutional rights to be infringed upon by charges brought by Village personnel under that statute. Particularly, on the record before this Court, there is no showing that any judicial tribunal ever found a prior charge or arrest undertaken by a Village official under the Aggravated Harassment statute to have violated anyone's rights, and it is not disputed that Village supervisory personnel otherwise lacked any such knowledge. Under the law, this lack of notice precludes the plaintiff from meeting the "deliberate indifference" standard. See, Connick v. Thompson, –– U.S. ––, 131 S.Ct. 1350, 179 L.Ed.2d 417 (2011) (holding that four previous Brady violations could not have put a district attorney's office on notice that its training was inadequate, because those incidents were "not similar to the [Brady] violation at issue here").

In this case, the proof submitted by the plaintiff (i.e. assorted prior criminal informations generated by the Village police predating the arrest at issue) merely raised the possibility that a jury could conclude that some of the prior charges might have

reflected an unconstitutional basis for an arrest under this statute. See, Bench Decision, at p.29. However, the fact that these prior records might reflect this would suggest, at best, that Village supervisory personnel were perhaps negligent in not gleaning, from these records, possible unconstitutional motives for the charges brought by subordinates. To the extent this is so, the courts of this Circuit have held this type of proof to be legally insufficient to establish municipal liability. See, Jones v. Town of East Haven, 691 F.3d 72 at 81 (2d Cir. 2012)("[w]e have held that demonstration of deliberate indifference requires a showing that the official made a conscious choice, and was not merely negligent").

Further, even where a municipality can be legally faulted for a "failure to train," liability will not attach unless the training deficiency in fact *caused* the constitutional injury alleged – in this case, the claimed wrongful arrest that occurred on October 18, 2012. See, Bd. of the County Comm'rs of Bryan County v. Brown, 520 U.S. 397, 405 (1997) ("[w]here a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employees"). To demonstrate causation, a plaintiff must "demonstrate that, through its deliberate conduct, the municipality [itself] was the moving force behind the alleged injury." Roe v. City of Waterbury, 542 F.3d 31, 37 (2d Cir.2008) (internal quotation marks omitted).

In this case, the record is not disputed that the "moving force" behind the arrest at issue was not D'Agata or Gorr, but instead, the DA and the ADA who decided upon and directed the arrest. More particularly, it is undisputed that both officers, on the date of the

arrest, were assigned to provide general security staffing at the Town of Liberty Justice Court, and, while providing this service, simply abided by an Assistant District Attorney's directive to arrest the plaintiff at the call of the calendar. Under the law, these non-disputed facts preclude a finding that the municipality's failure to train amounted to the "moving force" for the arrest at issue. City of Okla. v. Tuttle, 471 U.S. 808, 824, n.8, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985)("The fact that a municipal 'policy' might lead to 'police misconduct' is hardly sufficient to satisfy Monell's requirement that the particular policy be the 'moving force' behind a constitutional violation. There must at least be an affirmative link between [for example] the training inadequacies alleged, and the particular constitutional violation at issue").

In short, with respect to the Village in this case, there are "controlling question(s) of law as to which there is a substantial ground for difference of opinion," for the reasons identified above, and a certification pursuant to 28 U.S.C. §1292(b) is appropriate. See, Karaha Bodas Co. v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara ("Pertamina"), 313 F.3d 70 (2d Cir. 2002)(where law posed substantial ground for difference of opinion and appellate review of district court's order would advance the litigation, appeal pursuant to 28 U.S.C.A. § 1292(b) was appropriate). Further, and as indicated in Village's moving papers, in the event that this Court should elect to enter a final judgment as to D'Agata and Gorr pursuant to FRCP Rule 54(b), permitting an appeal by the Village as well would materially advance the ultimate termination of the litigation by enabling all disputed legal issues to be considered in one appellate proceeding.

## CONCLUSION

For all of the foregoing reasons, it is respectfully requested that the Village's motion to to certify for appeal the denial of its motion for summary judgment pursuant to 28 U.S.C. §1292(b) should be granted.

Dated: New Windsor, New York
       November 13, 2015

                                Yours, etc.,

                                DRAKE LOEB, PLLC

                        By: _____
                              ADAM L. RODD (AR-3484)
                              *Attorneys for Defendants,*
                              *VILLAGE OF LIBERTY, STEVEN*
                              *D'AGATA AND MELVIN GORR*
                              555 Hudson Valley Avenue
                              Suite 100
                              New Windsor, New York 12553
                              Tel. No.: (845) 561-0550