UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
WILLIAM BARBOZA,

                              Plaintiff,

              - against -                                                          **ORDER**

VILLAGE OF LIBERTY;                                                      13-CV-4067 (CS)
STEVEN D'AGATA, sued in his individual capacity;
MELVIN GORR, sued in his individual capacity; and
ROBERT ZANGLA, sued in his individual capacity,

                              Defendants.
------------------------------------------------------------------------x

<u>Appearances</u>

Jordan Wells
Mariko Hirose
Christopher Dunn
New York Civil Liberties Union Foundation
New York, New York

Stephen Bergstein
Bergstein & Ullrich, LLP
Chester, New York
*Counsel for Plaintiff*

Adam L. Rodd
Drake Loeb PLLC
New Windsor, New York
*Counsel for Defendants Village of Liberty, Steven D'Agata and Melvin Gorr*

Seibel, J.

Before me are Plaintiff's Motion for entry of judgment pursuant to Federal Rule of Civil Procedure 54(b), (Doc. 100), and Defendants' Motion for leave to appeal pursuant to 28 U.S.C. § 1292(b), (Doc. 97).  For the following reasons, Plaintiff's Motion is GRANTED and Defendants' Motion is DENIED.

I. **Background**

Plaintiff William Barboza brought the instant case after he was pulled over and issued a speeding ticket while driving in Liberty, New York on May 4, 2012.  (*See* SAC ¶¶ 10-11.)[1] Barboza wrote an obscenity-laced, one-sentence response on the form with which he enclosed payment for the ticket and, as a result, was subsequently arrested and charged with second-degree aggravated harassment under New York Penal Law § 240.30(1)(a).  (*Id.* ¶¶ 12-27.)  Town of Fallsburg Justice Ivan Kalter dismissed the charge on First Amendment grounds.  (*Id.* ¶¶ 39-40.)  Barboza then filed suit, alleging various violations of his First, Fourth and Fourteenth Amendment rights by the arresting officers (Defendants Steven D'Agata and Melvin Gorr), the Assistant District Attorney who brought the charge (Defendant Robert Zangla), and the Village of Liberty (the "Village").  (*Id.* ¶¶ 46-49.)

Thereafter, the Defendants filed motions for summary judgment, (Docs. 49, 54), and the Plaintiff filed a cross-motion for summary judgment, (Doc. 69).  On September 10, 2015, I issued a bench ruling granting summary judgment for Defendants D'Agata and Gorr on qualified immunity grounds.  (*See* Doc. 86, at 33.)  I denied Defendant Zangla's motion in part, finding that he was entitled to absolute immunity for the decision to charge Plaintiff, but not entitled to absolute or qualified immunity for the decision to arrest Plaintiff, and granted summary

---

[1] "SAC" refers to Plaintiff's Second Amended Complaint, (Doc. 35).

judgment for Plaintiff as to Defendant Zangla's liability for the latter decision.  (*Id.*)  My September 10 ruling also denied summary judgment with respect to the Village, finding triable issues of fact as to whether its failure to train its officers on First Amendment issues amounted to the deliberate indifference to constitutional rights necessary to establish a municipal policy or custom, and whether that policy or custom (if it existed) caused the violations of Plaintiff's rights.  (*Id.* at 33-34.)

After that ruling, the parties conferred and requested that the impending trial be stayed in order to permit Defendant Zangla to file an interlocutory appeal, and to allow Plaintiff Barboza to file a Rule 54(b) motion asking the Court to enter judgment against Defendants D'Agata and Gorr so that Barboza could file an appeal concurrently with Zangla.  (Doc. 84.)  I granted the parties' request to stay the trial.  (Doc. 85.)  Defendant Zangla filed a corrected notice of appeal on October 5, 2015.[2]  (Doc. 92.)  Counsel for Defendants D'Agata, Gorr and the Village then notified the Court of the Village's intention to file a motion pursuant to 28 U.S.C. § 1292(b) seeking certification of the ruling denying it summary judgment, so that it could also file an interlocutory appeal alongside the other parties.

**II.**   **Discussion**

A.   Entry of Judgment Pursuant to Rule 54(b)

Rule 54(b) permits certification of a final judgment where:  "(1) there are multiple claims or parties; (2) at least one claim or the rights and liabilities of at least one party has been determined; and (3) there is an express determination that there is no just reason for delay."  *Transp. Workers Union of Am. v. N.Y.C. Transit Auth.*, 505 F.3d 226, 230 (2d Cir. 2007)

---

[2] This appeal was withdrawn without prejudice on stipulation of the parties.  (Doc. 115.)  As Plaintiff's counsel explains, the appeal was withdrawn subject to reinstatement, because of the pending Motions before me, which may affect the joint appendix and briefing schedule on appeal.  (Doc. 116.)  For purposes of these Motions and for ease of discussion, I consider Defendant Zangla's appeal to be "pending," as do the parties in their briefs.

(internal quotation marks omitted).  The first two requirements are not at issue here, as Barboza brought various claims against multiple parties, and my September 10, 2015 ruling disposed of Barboza's claims against Defendants D'Agata and Gorr, (Doc. 86, at 33).

A district court deciding whether there are no just reasons to delay the appeal of individual final judgments "must take into account judicial administrative interests as well as the equities involved.  Consideration of the former is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'"  *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438 (1956)).  The Second Circuit has counseled that because of this historic policy and the general rule that entry of final judgment is appropriate "only after all claims have been adjudicated," *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991), district courts are to exercise the Rule 54(b) exception to this general rule "sparingly," *Novick v. AXA Network, LLC*, 642 F.3d 304, 310 (2d Cir. 2011).  "Judicial administrative interest" factors include, among others, "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 418-19 (2d Cir. 1989); *Fletcher v. Marino*, 882 F.2d 605, 610 (2d Cir. 1989).

Plaintiff argues that my dismissal of his claims against Defendants D'Agata and Gorr on qualified immunity grounds should be certified because doing so would further the federal policy against piecemeal appeals, in that it would allow the Second Circuit to consider Plaintiff's appeal concurrently with Defendant Zangla's pending appeal.  (P's Mem. 4-5.)  The claims against

these three Defendants, Plaintiff asserts, "aris[e] from the same facts" and "raise[ ] closely related legal questions."  (*Id.* at 4.)  Plaintiff also contends that concurrent appeals are appropriate because Defendants Zangla, D'Agata, and Gorr all raise questions of immunity that have no bearing on Plaintiff's remaining *Monell* claim against the Village, which awaits trial. (*Id.* at 4-5.)  Finally, Plaintiff posits that even if the Second Circuit might confront some of the same issues on a subsequent appeal, certification would nonetheless be appropriate because an appellate ruling "is likely to improve the likelihood of settlement of the whole case by resolving major disputed legal issues."  (*Id.* at 6.)

Defendants counter that Plaintiff has shown no "danger of hardship or injustice," and this case does not present a "unique" or "unusual" situation justifying deviation from the general rule.  (Ds' Mem. 4) (quoting *Cullen v. Margiotta*, 618 F.2d 226, 228 (2d Cir. 1980) (Rule 54(b) is to be utilized "sparingly" and is "reserved for the 'infrequent harsh case.'")).  Defendants also disagree that concurrent appeals would further the goal of sound judicial administration.  In their view, the scope of the police officers' and prosecutor's available immunity and the practical roles that each played in this case are sufficiently different that they would require distinct legal and factual inquiries.  (*Id.* at 5-7.)

After reviewing the parties' arguments and my September 10, 2015 bench ruling, I find that certification of my rulings as to Defendants D'Agata and Gorr is appropriate.  Like Defendant Zangla, their liability turns on a qualified immunity defense, which Defendant Zangla's appeal will undoubtedly raise.  It is true that D'Agata and Gorr, as police officers, played different roles than Zangla did as an Assistant District Attorney in the events leading to Barboza's arrest.  It is also true that the qualified immunity inquiry is not the same for officers as it is for lawyers.  (*See* Doc. 86, at 23-24.)  Nonetheless, the three interacted with each other in

executing the arrest and raise similar defenses, and certification would therefore allow the Second Circuit to consider these closely related factual and legal questions concurrently and avoid "piecemeal appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8; *see Swarna v. Al-Awadi*, No. 06-CV-4880, 2009 WL 2190192, at *1-2 (S.D.N.Y. July 22, 2009).  That the Second Circuit would have to consider "additional issues," (Ds' Mem. 6), is not problematic considering how similar these issues are to those which will already be raised and given that both appeals arise from the same factual scenario.  Moreover, Plaintiff's claims against D'Agata and Gorr are easily separable from the issues remaining to be tried as against the Village.  *See Askins v. Doe No. 1*, 727 F.3d 248, 254 (2d Cir. 2013) ("[T]he entitlement of the individual municipal actors to qualified immunity because at the time of their actions there was no clear law or precedent warning them that their conduct would violate federal law is also irrelevant to the liability of the municipality.  Qualified immunity is a defense available only to individuals sued in their individual capacity.").  All of these considerations weigh in favor of certification.

While the Defendants may be correct that the Plaintiff has not shown a particularly "unique" or "unusual" injustice or hardship, (D's Mem. 4), the U.S. Supreme Court has expressly criticized the use of this type of benchmark by courts reviewing motions for Rule 54(b) certification, finding it "neither workable nor entirely reliable."  *See Curtiss-Wright Corp.*, 446 U.S. at 9-10 (Third Circuit's requirement that Rule 54(b) movant show "harsh or unusual circumstances" reflected "misinterpretation of the standard of review for Rule 54(b) certifications").  The inquiry is centered not on how rare the circumstances are or what degree of hardship Plaintiff would face, but on whether certification would advance "judicial administrative interests," taking equitable considerations into account.  *Id.* at 8-10.  As discussed above, certification would indeed advance those interests.

6

For these reasons, I find there is no just reason for delay, and direct entry of final judgment, pursuant to Rule 54(b), on my September 10, 2015 ruling granting summary judgment to Defendants D'Agata and Gorr on grounds of qualified immunity.

              B.   <u>Certification and Leave to Appeal Pursuant to 28 U.S.C. § 1292(b)</u>

28 U.S.C. § 1292(b) permits a district court to certify an interlocutory order for appeal if it "shall be of the opinion that such order involves [1] a controlling question of law as to which [2] there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  But because "[i]t is a basic tenet of federal law to delay appellate review until a final judgment has been entered[,] . . . [interlocutory appeal] is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *see In re World Trade Ctr. Disaster Site Litig*., 469 F. Supp. 2d 134, 144 (S.D.N.Y. 2007) (interlocutory appeal is "a rare exception where, in the discretion of the district judge, it may avoid protracted litigation") (internal quotation marks and citation omitted). Therefore, while "the party seeking interlocutory appellate review must, at a minimum, satisfy [the] three statutory criteria," *Ryan, Beck & Co. v. Fakih*, 275 F. Supp. 2d 393, 396 (E.D.N.Y. 2003) (internal quotation marks omitted), district courts retain "broad discretion to deny certification even where the statutory criteria are met." *Century Pac., Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (internal quotation marks omitted).  To that end, the Second Circuit has stressed that district courts must "exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp*., 964 F.2d 85, 89 (2d Cir. 1992).

The "controlling question of law" on which Defendants argue there is "substantial ground for difference of opinion" is whether the Plaintiff "adduced sufficient proof to establish a triable question of fact on his claim for 'failure to train'" as against the Village.  (*See* Rodd Aff. ¶ 9.)[3] Defendants claim in conclusory fashion that "an immediate appeal on this issue may materially advance the ultimate termination of the litigation."  (*Id.*)  Plaintiff concedes that certification of this issue could advance the litigation if my rulings as to the Village were reversed, but argues that the Village has not identified a controlling question of law, pointed to substantial grounds for difference of opinion, nor identified any "exceptional circumstances" that exist in this case. (*See* P's Opp. 2 n.2, 3-4.)[4]

Although it would be efficient and convenient for all of the parties to appeal concurrently, I find that Defendants' Motion fails for a number of reasons.  First, Defendants fail to identify a "pure" question of law that the Second Circuit could resolve "quickly and cleanly without having to study the record."  *See Mills v. Everest Reinsurance Co.*, 771 F. Supp. 2d 270, 273 (S.D.N.Y. 2009) (internal quotation marks omitted).  Defendants' own formulation of the question of law – and the fact that the bulk of their brief is devoted to arguing why I erroneously applied the law to the evidence at the summary judgment stage – indicates as much.  *See Harriscom*, 947 F.2d at 631 ("Where, as here, the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the ground that such an appeal may advance the proceedings in the district court."); *Century Pac.*, 574 F. Supp. 2d at 372 ("[T]he questions presented for interlocutory appeal . . . would require the Second Circuit to

---

[3] "Rodd Aff." refers to the Affirmation of Adam L. Rodd, (Doc. 98).

[4] "P's Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendant Village of Liberty's Motion for Certification Pursuant to 28 U.S.C. § 1292(b), (Doc. 106).

review this Court's application of the law to the evidence adduced in the summary judgment motion. Under these circumstances, such questions do not present issues of pure law and therefore are not appropriate for interlocutory review.").

Defendants fail the second prong of the § 1292(b) inquiry in similar fashion. "Substantial grounds for difference of opinion" exist where "(1) there is conflicting authority on an issue or (2) the case is particularly difficult and of first impression within this Circuit." *Mills*, 771 F. Supp. 2d at 273-74. Defendants have identified no conflicting authority (other than that my view of what constitute triable issues of fact differs from theirs), and the issue is not one of first impression.

Finally, other than one conclusory sentence (discussed above), Defendants fail to offer any "exceptional circumstances" showing that certification would materially advance the termination of the litigation. *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 531 (S.D.N.Y. 2014).

Accordingly, Defendants' Motion for certification and leave to appeal pursuant to 28 U.S.C. § 1292(b) is denied.

**III.  Conclusion**

For the reasons set forth above, Plaintiff's Motion for certification pursuant to Rule 54(b) is GRANTED, and Defendants' Motion for certification and leave to appeal pursuant to 28 U.S.C. § 1292(b) is DENIED. The Clerk of Court is respectfully directed to terminate the pending Motions, (Docs. 97, 100), and to enter final judgment on my September 10, 2015 ruling granting summary judgment to Defendants D'Agata and Gorr on grounds of qualified immunity.

**SO ORDERED.**

Dated: January 21, 2016
        White Plains, New York        _____
                                        CATHY SEIBEL, U.S.D.J.